K. Tom Kohan (CA BAR NO.: 225420)
KOHAN LAW FIRM
1925 Century Park East, Suite 1180
Los Angeles, California 90067
Tel: (310) 349-1111
Fax: (888) 476-7010
Email: tom@kohanlawfirm.com

Attorneys for Plaintiff
COASTAL CORPORATION LTD.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COASTAL CORPORATION LTD.<br><br>Plaintiff<br><br>vs.<br><br>HARVEST KING TRADING USA, LIMITED,  a California corporation; THOMAS JAU, an individual aka TOM JAU; LAM LAM, an individual; PAK LAM, an individual; DOES 1 THROUGH 10 , INCLUSIVE<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR:**<br>**1. BREACH OF CONTRACT**<br>**2. OPEN BOOK ACCOUNT**<br>**3. ACCOUNT STATED**<br>**4. UNJUST ENRICHMENT-QUANTUM MERUIT**<br>**5. CONVERSION**<br>**6. TRESSPASS TO CHATTEL**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

{02636365.1}

Plaintiff  COASTAL CORPORATION LTD. ("Plaintiff" or "Coastal") hereby complains against Defendants HARVEST KING TRADING USA, LIMITED,  a California corporation ("Harvest"); THOMAS JAU, an individual aka TOM JAU ("Jau"), LAM LAM, an individual ("Lam"), PAK LAM, an individual ("Pak")  and DOES 1 through 10, inclusive (collectively with the aforementioned Defendants, the "Defendants"), and alleges as follows:

## NATURE OF THIS ACTION

1. Plaintiff brings this action for the acts of breach of contract and common counts, as well as conversion and trespass to chattel by Defendants for goods provided to them, but not paid for.

## PARTIES

2. Plaintiff is a corporation incorporated under the laws of India and having its principal place of business in India.

3. Defendant Harvest is a corporation organized under the laws of California and having its principal place of business in Los Angeles County.

4.  Defendant Jau is an individual, who is and at all times mentioned herein was, on information and belief, a citizen of California, with his place of residence in Los Angeles County.

1
COMPLAINT FOR DAMAGES

5.  Defendant Lam is an individual, who is and at all times mentioned herein was, on information and belief, a citizen of California, with his place of residence in Los Angeles County.

6.  Defendant Pak is an individual, who is and at all times mentioned herein was, on information and belief, a citizen of California, with his place of residence in Los Angeles County

7. On information and belief, Defendants Jau, Pak, and Lam, are, and at all times herein mentioned were, shareholders and/or officers and/or directors of Harvest.

8. Plaintiff is informed and believes, and thereon alleges, that the actions and omissions that serve as the basis for this complaint were undertaken jointly and with the consent, conspiracy, cooperation, and joint participation of all defendants.

9. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, each defendant was the agent, joint venture, and/or employee of each and every other defendant, and in doing the things alleged in this complaint, each defendant was acting within the course and scope of such agency, joint venture, and/or employment and with the permission and consent of each of the other defendants.

10. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants named herein as DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff at this time. Plaintiff therefore sues said Defendants, and each of them, by such fictitious names. Plaintiff will advise the Court and seek

2

COMPLAINT FOR DAMAGES

leave to amend this Complaint when the true names and capacities of each such

Defendant has been ascertained. Plaintiff is informed and believes, and based thereon

alleges, that each such Defendant designated as a DOE is responsible in some manner

for the events and happenings referred to herein or as hereinafter specifically alleged.

## JURISDICTION AND VENUE

11. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332,

as there is diversity of citizenship between the parties, and the amount in controversy

exceeds $75,000, exclusive of interest and costs.

12. Venue is proper under 28 U.S.C § 1391(b)(2) because a substantial part

of the events or omissions giving rise to the claims occurred in this district.

## ALTER EGO LIABILITY

13. Plaintiff is informed and believes, and thereon alleges, that at all relevant

times, there existed a unity of interest and ownership between Harvest and each

of Defendants Jau, Lam, and Pak, such that any individuality or separateness between

such Defendants, and each of them, on the one hand, and Harvest, on the other, have

ceased.  Harvest is the alter ego of such Defendants in that:

a. Harvest is, and at all relevant times was, a mere shell, instrumentality, and

conduit through which such Defendants carried on business in the name of  Harvest while

exercising complete control and dominance over Harvest, its business, and its assets to

COMPLAINT FOR DAMAGES

such an extent that any individuality or separateness between Harvest and such Defendants did not exist.

b. Harvest was conceived, intended, and used by such Defendants as a device to avoid liability. Harvest is, and at all times herein mentioned was, so inadequately capitalized that, compared with the business to be done by Defendants and the risks of loss, its capitalization was illusory and trifling.

c. Defendants failed to keep arms-length relationships between themselves and Harvest.

d. Harvest is, and at all times herein mentioned was, controlled, dominated, and operated by such Defendants, and each of them, as their alter ego, in that the activities and business of Harvest were carried out without holding annual meetings, and without keeping records or minutes of any proceedings, or maintaining written resolutions.

14. Adherence to the fiction of the separate existence of Harvest and remaining Defendants would permit an abuse of the corporate privilege and would sanction fraud, promote injustice, and otherwise aid in the commission of unlawful conduct. This is true because, as Plaintiff is informed and believes, at all relevant times, Defendants were commingling assets in a manner that allowed Defendants to utilize and freely transfer those assets amongst themselves. The commingling of assets and unlawful business conduct, as alleged more fully herein, by Defendants through

4

COMPLAINT FOR DAMAGES

this shell entity, Harvest, was intended, among other things, to allow Defendants to avoid liability to Plaintiff for valid obligations.   Plaintiff is informed and believes, and thereon alleges, that at all relevant times, there existed a unity of interest and ownership between each and every Defendant such that any individuality or separateness between each and every Defendants has ceased. Defendants are the alter egos of one another in that Defendants carried on their activities and business together, with an agreement to share in the profits and spoils of their fraudulent activities and business.

## FACTS COMMON TO ALL COUNTS

15.    On or about April 28, 2021, Coastal and Harvest entered into two contracts wherein Coastal agreed to sell shrimp to Harvest.  The terms of the agreements were memorialized in two performa invoices issued by Coastal and corresponding two purchase orders issued by Harvest and are as follows:  35,000 pounds of shrimp to be delivered container yard to container yard at the price of $3.60 per pound for the total purchase price of $126,000.00;  payment by Harvest to be made "after FDA passage and before delivery."  Other than the date of delivery, the two performa invoices and purchase orders are identical.  The first shipment was to take place in June 2021 ("First Shipment") and the second shipment was to take place in July 2021 ("Second Shipment").  Attached hereto as Exhibit 1 is the performa invoice reflecting the June 2021 shipment and its corresponding purchase order #23660.   Attached hereto as Exhibit 2 is the performa invoice reflecting the July 2021 shipment and its corresponding purchase order #23661.

5

16.     The First Shipment arrived as scheduled at the container yard in Los Angeles and Harvest was informed of the FDA approval.  Pursuant to the written agreements, Coastal demanded payment before releasing the goods to Harvest.  Harvest failed to make payments.  Accordingly, Coastal informed Harvest that it would not release the goods to Harvest absent payment.  To mitigate its damages, Coastal found a third party buyer, namely Seafood Doctor, for the goods and sold the goods to Seafood Doctor.  Seafood Doctor made payment to Coastal and was ready to pick up the goods from the container yard.  However, before Seafood Doctor was able to pick up the goods from the container yard, Harvest went ahead and picked up the First Shipment from the container yard anyway.

17.  Discussions among the parties ensued and finally the parties were able to reach a resolution regarding the First Shipment when Harvest agreed to reimburse Seafood Doctor.  Accordingly, the First Shipment is not at issue in this action.

18.     Subsequently, while the Second Shipment was on route, Coastal attempted to make certain that it will not face a similar scenario as the First Shipment; i.e., that Harvest would make payment before release of the goods to them.  When Harvest indicated its unwillingness to do so, Coastal informed Harvest that Harvest is in anticipatory breach of their agreement and informed Harvest that it would not release the Second Shipment to Harvest.   Again, to mitigate its damages, Coastal sold the Second Shipment of goods to Seafood Doctor.

6

COMPLAINT FOR DAMAGES

19.     The Second Shipment arrived as scheduled, and again, Seafood Doctor was ready to pick it up.  However, again, Harvest, knowing the shipping details, such as the bill of lading number and container number, had the Second Shipment picked up from the container yard without Coastal's consent whatsoever.  However, this time, Harvest has failed to pay for the Second Shipment whatsoever.

## FIRST CAUSE OF ACTION

## BY PLAINTIFF AGAINST ALL DEFENDANTS

## (Breach of Contract)

20.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs.

21.     On or about June 26, 2019 and thereon, Plaintiff and Harvest, and Does 1 through 10, inclusive, and each of them, conducted certain business transactions with each other wherein Plaintiff delivered certain shrimp products to said Defendants, and each of them.  Defendants Harvest, and Does 1 through 10, inclusive, and each of them, took possession from Plaintiff of Plaintiff's goods.  However, said Defendants have failed (to date) to make payment to Plaintiff for said goods, leaving a principal balance of $126,000.00 still due and owing to Plaintiff for said goods.  Attached hereto as Exhibit 2 is the performa invoice reflecting the July 2021 shipment and its corresponding purchase order #23661, which constitutes the contract among the parties, and is hereby incorporated herein fully by reference.

7

22.     Pursuant to the terms of the agreements of the parties, Harvest, and Does 1 through 10, inclusive, and each of them, were to pay the above-mentioned sum to Plaintiff.

23.     Plaintiff has performed all the terms and conditions on its part to be performed under the above-mentioned agreements, except for such terms and conditions as have been excused by the conduct and breaches of Defendants Harvest, and Does 1 through 10, inclusive, and each of them, if any.

24.     Harvest, and Does 1 through 10, inclusive, and each of them, breached the above-referenced agreements by failing to pay the sum of $126,000.00.  As a direct, proximate, and foreseeable consequence of the above-referenced breaches by Defendants Harvest, and Does 1 through 10, inclusive, and each of them, Plaintiff has been damaged in the principal sum of $126,000.00

25.     Plaintiff also seeks recovery from said Defendants, and each of them, together with interest thereon at the legal rate from the date(s) of breach through the date of judgment herein, pursuant to the agreements, in a sum to be determined according to proof, and attorneys' fees, and costs of suit incurred herein according to proof.

26.     Pursuant to the alter ego allegations herein,  Defendants Lau, Pak, Lam and Does 6–10 are jointly and severally liable for the obligations of Harvest, as described herein above.

8

COMPLAINT FOR DAMAGES

## SECOND CAUSE OF ACTION

## BY PLAINTIFF AGAINST ALL DEFENDANTS

### (Open Book Account)

27.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs.

28.     Plaintiff alleges that Defendants Harvest,  and Does 1 through 5, inclusive, and each of them, became indebted to Plaintiff within the last four years on an open book account for money due for goods delivered to said Defendants, for which said Defendants, and each of them, owe Plaintiff the sum of $126,000.00.

29.     Neither the whole nor any part of the above-referenced sum has been paid to Plaintiff by Defendants, and each of them, despite Plaintiff's demand therefor, and there is now due, owing, and unpaid to Plaintiff the sum of $126,000.00, together with interest thereon at the legal rate from the date(s) payments fell due through the date of judgment herein in a sum to be determined according to proof.  Plaintiff further seeks recovery herein from said Defendants, and each of them, of costs of suit incurred herein according to proof, and of attorneys' fees incurred herein according to proof, pursuant to California Civil Code § 1717.5.

30.  Pursuant to the alter ego allegations herein, Jau, Lam, Pak and Does 6–10 are jointly and severally liable for the obligations of Harvest.

COMPLAINT FOR DAMAGES

## THIRD CAUSE OF ACTION –

## BY PLAINTIFF AGAINST ALL DEFENDANTS

### (Account Stated)

31.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs.

32.     Plaintiff alleges that Defendants Harvest and Does 1 through 5, inclusive, and each of them, became indebted to Plaintiff within the last four years because an account was stated for money due from said Defendants, and each of them, to Plaintiff in the sum of $126,000.00 for goods delivered by Plaintiff to said Defendants.

33.     Neither the whole nor any part of the above-referenced sum has been paid to Plaintiff by Defendants despite Plaintiff's demand therefor, and there is now due, owing, and unpaid to Plaintiff the sum of $126,000.00 together with interest thereon at the legal rate from the date(s) payments fell due through the date of judgment herein in a sum to be determined according to proof.  Plaintiff further seeks recovery herein from said Defendants, and each of them, of costs of suit incurred herein according to proof, and of attorneys' fees incurred herein according to proof, pursuant to California Civil Code § 1717.5.

34.     Pursuant to the alter ego allegations herein, Jau, Lam, Pak and Does 1–6 are jointly and severally liable for the obligations of Harvest.

COMPLAINT FOR DAMAGES

## FOURTH CAUSE OF ACTION –

## BY PLAINTIFF AGAINST ALL DEFENDANTS

## (UNJUST ENRICHMENT-QUANTUM MERUIT)

35.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs.

36.     As described above, Harvest expressly requested that Coastal provide certain goods, namely shrimp, for its benefit.

37.     Coastal performed its obligations and provided the goods as requested by Harvest and Harvest is in receipt of the goods.

38.     Harvest has not paid Coastal for the value of the good received.

39.     The negotiated minimum value and reasonable value of the goods received by Harvest is $126,000.00.  Plaintiff therefore seeks recovery herein from Defendants and each of them, of said reasonable value of said goods in the sum of $126,000.00, together with interest thereon at the legal rate from the date(s) payments fell due through date of judgment herein in a sum to be determined according to proof.

40.     Pursuant to the alter ego allegations herein, Jau, Lam, Pak and Does 1–6 are jointly and severally liable for the obligations of Harvest.

COMPLAINT FOR DAMAGES

## FIFTH CAUSE OF ACTION –

## BY PLAINTIFF AGAINST ALL DEFENDANTS

## (CONVERSION)

41. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs.

42. At all times relevant hereto, Plaintiff was and still is the rightful owner, and was and still is entitled to the possession and use, of its Personal Property amounting to $126,000.00 (the "Personal Property").

43. As alleged herein, Harvest, Jau, Pak, Lam and Does 1 through 10, inclusive, obtained dominion and control over Plaintiff's Personal Property when they picked up the Personal Property, or caused the same to be picked up from the container yard without Plaintiff's consent.

44. As alleged herein, Plaintiff has not received payment for its Personal Property, nor at the time of the filing of this complaint, has received back the Personal Property. As such, Harvest, Jau, Pak, Lam and Does 1 through 10 owe Plaintiff the return of its Personal Property or value thereof.

45. Harvest , Jau, Pak, Lam and Does 1 through 10 have retained wrongful possession of Plaintiff's Personal Property and have refused and continue to refuse to return Plaintiff's Personal Property or pay the value thereof despite numerous demands from Plaintiff.

12

COMPLAINT FOR DAMAGES

46. As a direct and proximate result of the foregoing conversion and theft, Plaintiff has been severely harmed and has suffered significant damages within this Court's jurisdiction in an amount to be proven at trial but in no event less than $126,000.00.

47. Plaintiff is informed and believes, and on such information and belief alleges, that in doing and committing the conversion and theft set forth above, Defendants acted with malice, ill will, and with the intent and design of harming Plaintiff, for which Plaintiff is entitled to a punitive damages award against Defendants.

## SIXTH CAUSE OF ACTION

## BY PLAINTIFF AGAINST ALL DEFENDANTS

### (Tresspass to Chattel)

48.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs.

49.     Defendants knew or should have known that the Personal Property belonged to Plaintiff.

50.     As alleged herein above, Harvest, Jau, Lam, Pak, and Does 1-10, without Plaintiff's consent, picked up the Personal Property or caused the same to be picked up from the container yard and have yet to return the Personal Property or pay the value thereof.

13

COMPLAINT FOR DAMAGES

51.     Plaintiff suffered, and continues to suffer, damages including, but not limited to the Personal Property and value thereof, in an amount within the jurisdictional limits of this court, in an amount to be proven at trial, but no less than $126,000.00.

52.     The conduct of Harvest and Does 1-5 was a substantial factor in causing Plaintiff's harm.

53. As a direct and proximate result of the foregoing conversion and theft, Plaintiff has been severely harmed and has suffered significant damages within this Court's jurisdiction in an amount to be proven at trial but in no event less than $126,000.00.

54. Plaintiff is informed and believes, and on such information and belief alleges, that in doing and committing the conversion and theft set forth above, Defendants acted with malice, ill will, and with the intent and design of harming Plaintiff, for which Plaintiff is entitled to a punitive damages award against Defendants.

## **PRAYER(S) FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For damages within this Court's jurisdiction in an amount according to proof at trial but in no event less than $126,000.00;

2. For consequential damages;

14

COMPLAINT FOR DAMAGES

3. For pre-judgment and post-judgment interest on all damages awarded;

4. For attorneys' fees and costs of suit incurred herein according to proof;

5. For punitive damages in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct, for Counts Five and Six;

6. For such other and further relief as the Court may deem just and proper

DATED: April 22, 2022                    Respectfully submitted,


KOHAN LAW FIRM

*/s/ K. Tom Kohan*
K. Tom Kohan
Attorneys for Plaintiff
COASTAL CORPORATION LTD.


## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as to all issues.

DATED: April 22, 2022                    Respectfully submitted,

KOHAN LAW FIRM
*/s/ K. Tom Kohan*
K. Tom Kohan
Attorneys for Plaintiff
COASTAL CORPORATION LTD.

15

COMPLAINT FOR DAMAGES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **<u>EXHIBIT 1</u>**

16

COMPLAINT FOR DAMAGES

# PURCHASE ORDER

**HARVEST KING TRADING USA LIMITED**

725 W DUARTE RD,#1581

ARCADIA, CA 91077. USA

714-956-1808

714-956-1813

| | |
|---|---|
| DATE | 4/28/2021 |
| PO # | 23660 |

| VENDOR | SHIP TO |
|---|---|
| COASTAL CORPORATION LTD | HARVEST KING TRADING USA |
| EXPORTS DEPT | LOS ANGELES |
| 15-1-37/3 NOWROJI ROAD, MAHARANIPETA | |
| VISAKHAPATNAM-530002. AP. INDIA | |

| SHIPPING TERMS | SHIPPING METHOD | DELIVERY DATE |
|---|---|---|
| | | 7/28/2021 |

| ITEM # | DESCRIPTION | QTY | TOTAL |
|---|---|---|---|
| 0241T528 | FROZEN RAW FARM RAISED VANNAMEI SHRIMP | LBS | |
| | PEELED AND DEVEINED TAIL OFF  IQF SIZE 41-50 | 35,000 | $126,000.00 |
| | PACKED 5X2 LB 'COSTAL SEAFOOD' BRAND.  100% NET WEIGHT | | |
| | 3500 CASES .PRODUCT OF INDIA. | | |

| | |
|---|---|
| PAYMENT AFTER FDA PASSAGE . SHIPMENT CY/CY LOS ANGELES/LONG BEACH PORT USA. | $126,000.00 |
| | $126,000.00 |
| | $126,000.00 |



# INVOICE

| Exporter | | | Invoice No. & Date | |
|----------|--|--|--------------------|--|
| COASTAL CORPORATION LTD<br>15-1-37/3, NOWROJI ROAD<br>MAHARANIPETA, VISAKHAPATNAM - 530002<br>ANDHRA PRADESH, INDIA | | | CCL/YD/062/21-22  DT: 05.07.2021 | |
| | | | Buyer's Order No.& Date | |
| | | | 23660 DT: 28.04.2021 | |
| Consignee | | | Other Reference(s) | |
| HARVEST KING TRADING USA LIMITED | | | IE CODE NO: 2690000458 | EIA CODE NO: 913 |
| 725 W DUARTE RD, #1581<br>ARCADIA, CA 91077, USA<br>714-956-1808<br>714-956-1813 | | | PROCESSED & PACKED BY<br>COASTAL CORPORATION LTD UNIT-II<br>SURVEY NO. 87, P.DHARMAVARAM VILLAGE,<br>S.RAYAVARAM MANDAL, VISAKHAPATNAM.<br>ANDHRA PRADESH, INDIA<br>FDA REGISTRATION NO: 12211857218 | |
| Pre-Carriage by<br>REFRIGERATED CONTAINER | Place of Receipt by Pre-Carrier<br>VISAKHAPATNAM, INDIA | | Country of Origin of Goods<br>INDIA | Country of Final Destination<br>USA |
| Vessel/Flight No. | Port of Loading<br>VISAKHAPATNAM, INDIA | | Terms of Delivery and payment<br>PAYMENT AFTER FDA AND CUSTOMS PASSAGE | |
| Port of Discharge<br>LONG BEACH, USA | Final destination<br>LONG BEACH, USA | | CY/CY LONG BEACH, USA | |

| Marks & Nos/<br>Container No. | No.& Kind<br>of Pkgs. | Description of Goods | Size | No. of<br>Cartons | Qty.in<br>LBs | Price<br>US$/LB<br>DDP<br>LONG BEACH | Amount<br>in US$<br>DDP |
|---|---|---|---|---|---|---|---|
| | | RAW PEELED & DEVEINED TAIL OFF VANNAMEI<br>IQF SHRIMPS<br>PACKING: 5 X 2 LB PER MASTER CARTON<br>BRAND: COASTAL SEAFOOD | 41/50 | 3,500 | 35,000.00 | 3.60 | 126,000.00 |
| | | Invoice Value                126000.00 | | | | | |
| | | Less Freight           7950.00 | | | | | |
| | | Sub total           7950.00    7950.00 | | | | | |
| | | 118050.00 | | | | | |
| | | A.D.Duty @ 1.35% + Merchandise & Harbour<br>fee @ 0.4714% = total @ 1.8214% | | | | | |
| | | 2111.70 | | | | | |
| | | FOB Value In US$         115938.30 | | | | | |
| | | **TOTAL** | | **3,500** | **35,000.00** | | **126,000.00** |

| Total net weight LBS | 35,000.00 | Gross weight | 42,000.00 | LBS |
|---|---|---|---|---|
| Total net weight KGS | 15,890.00 | Gross weight | 19,068.00 | KGS |

Amount chargeable (in words) : US$ ONE HUNDRED TWENTY SIX THOUSAND ONLY

THIS SHIPMENT IS MADE UNDER DUTY DRAW BACK SCHEME AS WELL AS UNDER RoDTEP SCHEME.

I/WE, IN REGARD TO MY/OUR CLAIM UNDER RoDTEP SCHEME MADE IN THIS SHIPPING BILL OR BILL OF EXPORT, HEREBY DECLARE THAT:
1. I/ WE UNDERTAKE TO ABIDE BY THE PROVISIONS, INCLUDING CONDITIONS, RESTRICTIONS, EXCLUSIONS AND TIME-LIMITS AS
   PROVIDED UNDER RoDTEP SCHEME, AND RELEVANT NOTIFICATIONS, REGULATIONS, ETC., AS AMENDED FROM TIME TO TIME.
2. ANY CLAIM MADE IN THIS SHIPPING BILL OR BILL OF EXPORT IS NOT WITH RESPECT TO ANY DUTIES OR TAXES OR LEVIES
   WHICH ARE EXEMPTED OR REMITTED OR CREDITED UNDER ANY OTHER MECHANISM OUTSIDE RoDTEP.
3. I/WE UNDERTAKE TO PRESERVE AND MAKE AVAILABLE RELEVANT DOCUMENTS RELATING TO THE EXPORTED GOODS FOR THE
   PURPOSES OF AUDIT IN THE MANNER AND FOR THE TIME PERIOD PRESCRIBED IN THE CUSTOMS AUDIT REGULATIONS, 2018.

Signature & Date

P. Waddabog

GST NO. 37AACCC6045J1ZL

Declaration:
We declare that invoice shows the actual price of the goods

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **EXHIBIT 2**

17

COMPLAINT FOR DAMAGES

# PURCHASE ORDER

**HARVEST KING TRADING USA LIMITED**

725 W DUARTE RD,#1581

ARCADIA, CA 91077. USA

714-956-1808

714-956-1813

DATE    4/28/2021

PO #    23661

| VENDOR | SHIP TO |
|---|---|
| COASTAL CORPORATION LTD | HARVEST KING TRADING USA |
| EXPORTS DEPT | LOS ANGELES |
| 15-1-37/3 NOWROJI ROAD, MAHARANIPETA | |
| VISAKHAPATNAM-530002. AP. INDIA | |

| SHIPPING TERMS | SHIPPING METHOD | DELIVERY DATE |
|---|---|---|
| | OCEAN | 6/28/2021 |

| ITEM # | DESCRIPTION | QTY | TOTAL |
|---|---|---|---|
| 0241T528 | FROZEN RAW FARM RAISED VANNAMEI SHRIMP | LBS | |
| | PEELED AND DEVEINED TAIL OFF  IQF SIZE 41-50 | 35,000 | $126,000.00 |
| | PACKED 5X2 LB 'COSTAL SEAFOOD' BRAND.  100% NET WEIGHT | | |
| | 3500 CASES  .PRODUCT OF INDIA. | | |

Comments or Special Instructions
PAYMENT AFTER FDA PASSAGE . SHIPMENT CY/CY LOS ANGELES/LONG BEACH PORT USA.

$126,000.00

$126,000.00



# COMMERCIAL INVOICE

| Exporter | Invoice No. & Date | Exporter's Ref |
|---|---|---|
| COASTAL CORPORATION LTD<br>15-1-37/3, NOWROJI ROAD,<br>MAHARANIPETA, VISAKHAPATNAM<br>ANDHRA PRADESH, INDIA | CCL/032/21-22  DT: 19.07.2021 | |

| | Buyer's Order No.& Date | |
|---|---|---|
| | 23861  DT: 28.04.2021 | |

**Importer on Record**

COASTAL CORPORATION LTD.
15-1-37/3, NOWROJI ROAD, MAHARANIPETA,
VISAKHAPATNAM 530 002, A.P., INDIA
CUSTOMS ASSIGNED NO: 104601-03049

Other Reference(s)
IE CODE NO: 2690000458     EIA CODE NO: 940

PROCESSED & PACKED BY
COASTAL CORPORATION LTD
MARIKAVALASA VILLAGE, CHINAGADILI MANDAL
VISAKHAPATNAM, ANDHRA PRADESH, INDIA
FDA REGISTRATION NO: 14754161016
DUNS NUMBER: 87-140-3050

**Consignee/Simp Importer**

HARVEST KING TRADING USA LIMITED
725 W DUARTE RD, #1581
ARCADIA, CA 91077, USA
714-956-1808
714-956-1813
PERMIT NO: IFTP00054212

Notify Party
WILLIAMS CLARKE AND COMPANY, INC.
CUSTOMS BROKERS, 603 N FRIES AVE, WILMINGTON,
CA 90748, USA  TEL: 310-834-6458, FAX: 310-834-5984

| Pre-Carriage by | Place of Receipt by Pre-Carrier | Country of Origin of Goods | Country of Final Destination |
|---|---|---|---|
| REFRIGERATED CONTAINER | VISAKHAPATNAM, INDIA | INDIA | USA |

| Vessel/Flight No. | Port of Loading | Terms of Delivery and payment |
|---|---|---|
| TABEA V. 019 E | VISAKHAPATNAM, INDIA | PAYMENT BY T.T UPON FDA RELEASE AND BEFORE |

| Port of Discharge | Final destination | DELIVERY OF THE GOODS |
|---|---|---|
| LOS ANGELES, USA | LOS ANGELES, USA | CY/CY LOS ANGELES, USA |

CONTAINER NO: OTPU6126764

| Marks & Nos/<br>Container No. | No.& Kind<br>of Pkgs. | Description of Goods | Size | No. of<br>Cartons | Qty.in<br>LBs | Price<br>US$/LB<br>DDP<br>LOS ANGELES | Amount<br>in US$<br>DDP |
|---|---|---|---|---|---|---|---|
| | | RAW PEELED & DEVEINED TAIL OFF VANNAMEI<br>IQF SHRIMPS<br>PACKING : 5 X 2 LB PER MASTER CARTON<br>BRAND: COASTAL SEAFOOD | 41/50 | 3500 | 35,000.00 | 3.60 | 126,000.00 |
| | | Invoice Value            126000.00<br>Less Freight               11850.00<br>                              114150.00<br><br>A.D.Duty @ 1.35% + Merchandise & Harbour<br>fee @ 0.4714% = total @ 1.8214%<br>                                2041.94<br>FOB Value In US$     112108.06 | | | | | |
| | | | TOTAL | 3500 | 35,000.00 | | 126,000.00 |

| Total net weight  LBS | 35,000.00 | Gross weight  42,000.00  LBS |
|---|---|---|
| Total net weight  KGS | 15,890.00 | Gross weight  19,068.00  KGS |

Amount chargeable (in words) : US$ ONE HUNDRED TWENTY SIX THOUSAND ONLY

SCIENTIFIC NAME OF THE SPECIES: LITOPENAEUS VANNAMEI, PRODUCT FARM: AQUACULTURE
PRODUCT SHIPPED UNDER THIS INVOICE HAS NOT BEEN REFUSED BY ANY OTHER COUNTRY

Signature & Date
For COASTAL CORPORATION LTD

Declaration:
We declare that invoice shows the actual price of the goods
described and that all particulars are true and correct.

(G.V.V.SATYANARAYANA)
DIRECTOR