Lawrence C. Ecoff, Esq. SBN 143814
Alberto J. Campain, Esq. SBN 204068
**ECOFF CAMPAIN TILLES & KAY, LLP**
A Limited Liability Partnership
280 South Beverly Drive, Suite 504
Beverly Hills, California 90212
Telephone:   (310) 887-1850
Facsimile:   (310) 887-1855
E-mail:      ecoff@ecofflaw.com
             campain@ecofflaw.com

Attorneys for Defendant HARVEST KING
TRADING USA, LIMITED, A California
corporation

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COASTAL CORPORATION LTD.<br><br>Plaintiff,<br><br>v.<br><br>HARVEST KING TRADING USA, LIMITED, a California corporation, THOMAS JAU, an individual aka TOM JAU; LAM LAM, an individual; PAK LAM, an individual; DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:22-CV-02687-DEF-JEM<br><br>**ANSWER OF DEFENDANTS TO COMPLAINT; AFFIRMATIVE DEFENSES**<br><br><br><br>**DEMAND FOR JURY TRIAL** |

Defendant HARVEST KING TRADING USA, LIMITED, a California corporation ("Defendant"), appearing for itself alone, and for no other defendant, files its Answer, Defenses, and Affirmative Defenses to Plaintiff COASTAL CORPORATION LTD.'s ("Plaintiff") Complaint herein as follows:

## NATURE OF THIS ACTION

1.      In answer to paragraph 1 of the Complaint, In answer to the initial paragraph of Plaintiff's Complaint, which is unnumbered, Defendant admits that Plaintiff has filed this action for the claims asserted.  Except as so admitted,

Defendant lacks sufficient information and belief to respond to the remaining allegations, and therefore denies same.

## JURISDICTION AND VENUE

1.      In answer to paragraph 1 of the Complaint, such paragraph states legal conclusions to which no response is required.  Defendant, however, admits that Plaintiff has filed this lawsuit.

## THE PARTIES

2.      In answer to paragraph 2 of the Complaint, Defendant lacks sufficient information and belief within which to admit or deny the allegations set forth therein, and therefore denies same.

3.      In answer to paragraph 3 of the Complaint, Defendant admits the allegations thereof.

4.      In answer to paragraph 4 of the Complaint, Defendant admits the allegations thereof.

5.      In answer to paragraph 5 of the Complaint, Defendant lacks sufficient information or belief as to Defendant Lam, and is unaware as to who such individual is, and therefore denies the allegations thereof.

6.      In answer to paragraph 6 of the Complaint, Defendant admits the allegations thereof.

7.      In answer to paragraph 7 of the Complaint, Defendant denies the allegations thereof as it relates to Jau and Lam.  Defendant admits the allegations as it relates to Pak.

8.      In answer to paragraph 8 of the Complaint, such paragraph states legal conclusions to which no response is required.

9.      In answer to paragraph 9 of the Complaint, such paragraph states legal conclusions to which no response is required.  Nevertheless, Defendant denies the allegations thereof.

ANSWER TO COMPLAINT

10.   In answer to paragraph 10 of the Complaint, such paragraph states legal conclusions to which no response is required.

## JURISDICTION AND VENUE

11.   In answer to paragraph 11 of the Complaint, Defendant admits that the Court has diversity jurisdiction over this matter, and that the amount in controversy exceeds $75,000.

12.   In answer to paragraph 12 of the Complaint, Defendant admits that venue is proper in this judicial district.

## ALTER EGO LIABILITY

13.   In answer to paragraph 13 of the Complaint, Defendant lacks sufficient knowledge and information as to Plaintiffs information and belief, and therefore is unable to admit or deny such allegation.  Nevertheless, Defendant denies the allegations thereof.

(a)   In answer to paragraph 13a of the Complaint, Defendant lacks sufficient knowledge and information as to Plaintiffs information and belief, and therefore is unable to admit or deny such allegation.  Nevertheless, Defendant denies the allegations thereof.

(b)   In answer to paragraph 13b of the Complaint, Defendant lacks sufficient knowledge and information as to Plaintiffs information and belief, and therefore is unable to admit or deny such allegation.  Nevertheless, Defendant denies the allegations thereof.

(c)   In answer to paragraph 13c of the Complaint, Defendant lacks sufficient knowledge and information as to Plaintiffs information and belief, and therefore is unable to admit or deny such allegation.  Nevertheless, Defendant denies the allegations thereof.

(d)   In answer to paragraph 13d of the Complaint, Defendant lacks sufficient knowledge and information as to Plaintiffs information and belief, and

**ANSWER TO COMPLAINT**

therefore is unable to admit or deny such allegation.  Nevertheless, Defendant denies the allegations thereof.

14.     In answer to paragraph 14 of the Complaint, Defendant denies the allegations thereof.

## FACTS COMMON TO ALL COUNTS

15.     In answer to paragraph 15 of the Complaint, Defendant admits that it entered into agreements for the purchase of shrimp, but denies the allegations as set forth in the Complaint.

16.     In answer to paragraph 16 of the Complaint, Defendant lacks sufficient information and knowledge as to when the shipment arrived, or as represented. Further, Defendant denies that it spoke directly with Coastal, as represented. Defendant lacks sufficient knowledge and information as it relates to communications between Coastal and Seafood Doctor, and therefore is unable to admit or deny such allegation.

17.     In answer to paragraph 17 of the Complaint, Defendant denies the allegations as set forth in the Complaint.  Notwithstanding, the Complaint asserts that the allegations regarding the 'First Shipment" is not at issue in the action.

18.     In answer to paragraph 18 of the Complaint, Defendant denies the allegations as set forth in the Complaint.  Defendant further denies that it was in anticipatory breach of any agreement.  Defendant lacks sufficient knowledge and information as it relates to communications between Coastal and Seafood Doctor, and therefore is unable to admit or deny such allegation.

19.     In answer to paragraph 19 of the Complaint, Defendant lacks knowledge and information as to the arrival of the "Second Shipment."  Defendant further denies that it lacked consent to pick-up its product.  Defendant admits that payment has not be made, but denies that payment is due.

**ANSWER TO COMPLAINT**

**FIRST CAUSE OF ACTION**

**BREACH OF CONTRACT**

20.    In answer to paragraph 20 of the Complaint, paragraph 8 is an incorporation paragraph to which no response is required.  Nevertheless, Defendant incorporates and realleges its responses to paragraphs 1 through 19 as if fully set forth herein.

21.    In answer to paragraph 21 of the Complaint, Defendant denies the allegations thereof as asserted.

22.    In answer to paragraph 22 of the Complaint, Defendant admits that it was to pay certain sums, based upon certain events and ordered deliveries. Defendant, denies, however, that payment is due as a result of certain breaches.

23.    In answer to paragraph 23 of the Complaint, Defendant denies the allegations thereof.

24.    In answer to paragraph 24 of the Complaint, Defendant denies the allegations thereof.

25.    In answer to paragraph 25 of the Complaint, such paragraph states legal conclusions to which no response is required.

26.    In answer to paragraph 26 of the Complaint, Defendant denies the allegations thereof.

**SECOND CAUSE OF ACTION**

**OPEN BOOK ACCOUNT**

27.    In answer to paragraph 27 of the Complaint, paragraph 14 is an incorporation paragraph to which no response is required.  Nevertheless, Defendant incorporates and realleges its responses to paragraphs 1 through 26 as if fully set forth herein.

28.    In answer to paragraph 28 of the Complaint, Defendant denies the allegations thereof.

29.     In answer to paragraph 29 of the Complaint, Defendant denies the allegations thereof.

30.     In answer to paragraph 30 of the Complaint, Defendant denies the allegations thereof.

## THIRD CAUSE OF ACTION

### ACCOUNT STATED

31.     In answer to paragraph 31 of the Complaint, paragraph 31 is an incorporation paragraph to which no response is required.  Nevertheless, Defendant incorporates and realleges its responses to paragraphs 1 through 30 as if fully set forth herein.

32.     In answer to paragraph 32 of the Complaint, such paragraph states legal conclusions to which no response is required.  Nevertheless, Defendant denies the allegations thereof.

33.     In answer to paragraph 33 of the Complaint, Defendant denies the allegations thereof.

34.     In answer to paragraph 34 of the Complaint, Defendant denies the allegations thereof.

## FOURTH CAUSE OF ACTION

### UNJUST ENRICHMENT – QUANTUM MERUIT

35.     In answer to paragraph 35 of the Complaint, paragraph 35 is an incorporation paragraph to which no response is required.  Nevertheless, Defendant incorporates and realleges its responses to paragraphs 1 through 35 as if fully set forth herein.

36.     In answer to paragraph 36 of the Complaint, Defendant denies the allegations thereof.

37.     In answer to paragraph 37 of the Complaint, Defendant denies the allegations thereof.

ANSWER TO COMPLAINT

38.     In answer to paragraph 38 of the Complaint, Defendant admits that it has not tendered payment to Plaintiff, but denies that any payment is due and owing.

39.     In answer to paragraph 39 of the Complaint, such paragraph states legal conclusions to which no response is required.  Nevertheless, Defendant denies the allegations thereof.

40.     In answer to paragraph 40 of the Complaint, Defendant denies the allegations thereof.

## FIFTH CAUSE OF ACTION

### CONVERSION

41.     In answer to paragraph 41 of the Complaint, paragraph 41 is an incorporation paragraph to which no response is required.  Nevertheless, Defendant incorporates and realleges its responses to paragraphs 1 through 40 as if fully set forth herein.

42.     In answer to paragraph 42 of the Complaint, such paragraph states legal conclusions to which no response is required.

43.     In answer to paragraph 43 of the Complaint, Defendant denies the allegations thereof.

44.     In answer to paragraph 44 of the Complaint, Defendant denies the allegations thereof.

45.     In answer to paragraph 45 of the Complaint, Defendant denies the allegations thereof.

46.     In answer to paragraph 46 of the Complaint, such paragraph states legal conclusions to which no response is required.  Defendant denies the allegations thereof.

47.     In answer to paragraph 47 of the Complaint, Defendant denies the allegations thereof.

**ANSWER TO COMPLAINT**

## SIXTH CAUSE OF ACTION

## TRESPASS TO CHATTEL

48.     In answer to paragraph 48 of the Complaint, paragraph 48 is an incorporation paragraph to which no response is required.  Nevertheless, Defendant incorporates and realleges its responses to paragraphs 1 through 47 as if fully set forth herein.

49.     In answer to paragraph 49 of the Complaint, Defendant denies the allegations thereof.

50.     In answer to paragraph 50 of the Complaint, Defendant denies the allegations thereof.

51.     In answer to paragraph 51 of the Complaint, Defendant denies the allegations thereof, and denies that it is the cause of Plaintiff's damage in any amount, or at all.

52.     In answer to paragraph 52 of the Complaint, Defendant denies the allegations thereof.

53.     In answer to paragraph 53 of the Complaint, Defendant denies the allegations thereof, and denies that it is the cause of Plaintiff's damage in any amount, or at all.

54.     In answer to paragraph 54 of the Complaint, Defendant denies the allegations thereof.

## PRAYER FOR RELIEF

Defendant denies all allegations in the prayer in the Complaint, and denies that Plaintiff is entitled to the relief sought.  Defendant respectfully requests that this Court enter judgment against Plaintiff, and in favor of Defendant, dismiss this action with prejudice, deny Plaintiff's request for damages, and further deny such other relief as this Court deems just and proper.

**ANSWER TO COMPLAINT**

## DEFENSES AND AFFIRMATIVE DEFENSES

Defendant states that it intends to rely upon and otherwise preserve the following Affirmative Defenses to Plaintiff's Complaint:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.    As a first, separate and distinct affirmative defense to the Complaint herein, and to each purported cause of action thereof, Defendant alleges that the Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Condition Precedent)

2.    As a second, separate and distinct affirmative defense to the Complaint herein, Defendant's obligation, if any, was subject to a condition precedent to receive a certain amount of product from its contracting party, which it did not receive.

## THIRD AFFIRMATIVE DEFENSE

### (Indispensable Party)

3.    As a third, separate and distinct affirmative defense to the Complaint herein, Defendant asserts that Plaintiff has failed to include and sue an indispensable party, Kings Landing and/or Paul Morris.

## FOURTH AFFIRMATIVE DEFENSE

### (Offset)

4.    As a fourth, separate and distinct affirmative defense to the Complaint herein, Defendant asserts that if any damages are owed, Plaintiff is entitled to an offset for damages and other relief to which it is entitled.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

5.    As a fifth, separate and distinct affirmative defense to the Complaint herein, Defendant asserts that Plaintiff has unclean hands in failing to fulfill the

ECOFF CAMPAIN & TILLES LLP
ATTORNEYS AT LAW

entirety of Defendant's order, or assure that the entirety of Defendant's order to such third party was fulfilled.

### SIXTH AFFIRMATIVE DEFENSE
### (Fault of Third Parties)

6.     As a sixth, separate and distinct affirmative defense to the Complaint herein, Plaintiff's damages, if any, and none being admitted, were not caused by Defendant, but were caused by the acts, conduct or omissions of individuals or entities other than Defendant. Defendant is not responsible for these third parties and exercises no control and/or has no right to control their activities.

### SEVENTH AFFIRMATIVE DEFENSE
### (Lack of Contract)

7.     As a seventh, separate and distinct affirmative defense to the Complaint herein, Defendant asserts that it did not enter into any agreement with Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE
### (Reservation of Affirmative Defenses)

8.     As an eighth, separate and distinct affirmative defense to the Complaint herein, Defendant has not yet completed discovery, and therefore reserves the right to assert additional affirmative defenses as discovery and investigation so justifies.

///
///
///
///
///
///
///
///
///

**ANSWER TO COMPLAINT**

WHEREFORE, having answered the Complaint and raised its defenses and affirmative defenses, Defendant respectfully requests that this Court enter judgment against Plaintiff, and in favor of Defendant, dismiss this action with prejudice, deny Plaintiff's request for damages, and further deny such other relief as this Court deems just and proper.

Dated:  May 16, 2022                    Respectfully Submitted,

ECOFF CAMPAIN TILLES & KAY, LLP

By:  _____/s/ Lawrence C. Ecoff_____
LAWRENCE C. ECOFF, ESQ.

Attorneys for Defendant
HARVEST KING TRADING USA, LIMITED, a California corporation

## **REQUEST FOR JURY TRIAL**

Defendant hereby requests a trial by jury pursuant to the Federal Rules of Civil Procedure, and the Local Rules.

Dated:  May 16, 2022                    ECOFF CAMPAIN TILLES & KAY, LLP

By:  _____/s/ Lawrence C. Ecoff_____
LAWRENCE C. ECOFF, ESQ.

Attorneys for Defendant
HARVEST KING TRADING USA, LIMITED, a California corporation

**ANSWER TO COMPLAINT**