Lawrence C. Ecoff, Esq. SBN 143814
Alberto J. Campain, Esq. SBN 204068
**ECOFF CAMPAIN TILLES & KAY, LLP**
A Limited Liability Partnership
280 South Beverly Drive, Suite 504
Beverly Hills, California 90212
Telephone:   (310) 887-1850
Facsimile:   (310) 887-1855
E-mail:      ecoff@ecofflaw.com
             campain@ecofflaw.com

Attorneys for Defendants
HARVEST KING TRADING USA, LIMITED,
THOMAS JAU and PAK LAM

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COASTAL CORPORATION LTD.<br><br>Plaintiff,<br>v.<br><br>HARVEST KING TRADING USA, LIMITED, a California corporation, THOMAS JAU, an individual aka TOM JAU; LAM LAM, an individual; PAK LAM, an individual; DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:22-CV-02687-DEF-JEM<br><br>**ANSWER OF DEFENDANTS THOMAS JAU AND PAK LAM TO COMPLAINT; AFFIRMATIVE DEFENSES**<br><br>**DEMAND FOR JURY TRIAL** |

Defendants THOMAS LAU and PAK LAM ("Defendants"), appearing for themselves alone, and for no other defendant, files their Answer, Defenses, and Affirmative Defenses to Plaintiff COASTAL CORPORATION LTD.'s ("Plaintiff") Complaint herein as follows:

## NATURE OF THIS ACTION

In answer to the initial paragraph of Plaintiff's Complaint, which is unnumbered, Defendants admit that Plaintiff has filed this action for the claims asserted.  Except as so admitted, Defendants lack sufficient information and belief to respond to the remaining allegations, and therefore deny same.

## JURISDICTION AND VENUE

1.     In answer to paragraph 1 of the Complaint, such paragraph states legal conclusions to which no response is required.  Defendants, however, admit that Plaintiff has filed this lawsuit.

## THE PARTIES

2.     In answer to paragraph 2 of the Complaint, Defendants lack sufficient information and belief within which to admit or deny the allegations set forth therein, and therefore deny same.

3.     In answer to paragraph 3 of the Complaint, Defendants admit the allegations thereof.

4.     In answer to paragraph 4 of the Complaint, Defendants admit the allegations thereof.

5.     In answer to paragraph 5 of the Complaint, Defendants lack sufficient information or belief as to Defendant Lam, and is unaware as to who such individual is, and therefore deny the allegations thereof.

6.     In answer to paragraph 6 of the Complaint, Defendants admit the allegations thereof.

7.     In answer to paragraph 7 of the Complaint, Defendant deny the allegations thereof as it relates to Jau and Lam.  Defendants admit the allegations as it relates to Pak.

8.     In answer to paragraph 8 of the Complaint, such paragraph states legal conclusions to which no response is required.

9.     In answer to paragraph 9 of the Complaint, such paragraph states legal conclusions to which no response is required.  Nevertheless, Defendant deny the allegations thereof.

10.     In answer to paragraph 10 of the Complaint, such paragraph states legal conclusions to which no response is required.

**ANSWER TO COMPLAINT**

**JURISDICTION AND VENUE**

11.     In answer to paragraph 11 of the Complaint, Defendants admit that the Court has diversity jurisdiction over this matter, and that the amount in controversy exceeds $75,000.

12.     In answer to paragraph 12 of the Complaint, Defendants admit that venue is proper in this judicial district.

**ALTER EGO LIABILITY**

13.     In answer to paragraph 13 of the Complaint, Defendants lack sufficient knowledge and information as to Plaintiffs information and belief, and therefore are unable to admit or deny such allegation.  Nevertheless, Defendant deny the allegations thereof.

(a)     In answer to paragraph 13a of the Complaint, Defendants lack sufficient knowledge and information as to Plaintiffs information and belief, and therefore are unable to admit or deny such allegation.  Nevertheless, Defendant deny the allegations thereof.

(b)     In answer to paragraph 13b of the Complaint, Defendants lack sufficient knowledge and information as to Plaintiffs information and belief, and therefore are unable to admit or deny such allegation.  Nevertheless, Defendant deny the allegations thereof.

(c)     In answer to paragraph 13c of the Complaint, Defendants lack sufficient knowledge and information as to Plaintiffs information and belief, and therefore are unable to admit or deny such allegation.  Nevertheless, Defendant deny the allegations thereof.

(d)     In answer to paragraph 13d of the Complaint, Defendants lack sufficient knowledge and information as to Plaintiffs information and belief, and therefore are unable to admit or deny such allegation.  Nevertheless, Defendant deny the allegations thereof.

14.     In answer to paragraph 14 of the Complaint, Defendant deny the

**ANSWER TO COMPLAINT**

allegations thereof.

## FACTS COMMON TO ALL COUNTS

15.   In answer to paragraph 15 of the Complaint, Defendants admit that Harvest King Trading USA, Limited ("Harvest King") entered into agreements for the purchase of shrimp, but deny the allegations as set forth in the Complaint.

16.   In answer to paragraph 16 of the Complaint, Defendants lack sufficient information and knowledge as to when the shipment arrived, or as represented. Further, Defendants deny that Harvest spoke directly with Coastal, as represented. Defendants lack sufficient knowledge and information as it relates to communications between Coastal and Seafood Doctor, and therefore are unable to admit or deny such allegation.

17.   In answer to paragraph 17 of the Complaint, Defendant deny the allegations as set forth in the Complaint.  Notwithstanding, the Complaint asserts that the allegations regarding the 'First Shipment" are not at issue in the action.

18.   In answer to paragraph 18 of the Complaint, Defendant deny the allegations as set forth in the Complaint.  Defendant further deny that Harvest King was in anticipatory breach of any agreement.  Defendants lack sufficient knowledge and information as it relates to communications between Coastal and Seafood Doctor, and therefore are unable to admit or deny such allegation.

19.   In answer to paragraph 19 of the Complaint, Defendants lack knowledge and information as to the arrival of the "Second Shipment."  Defendant further deny that Harvest King lacked consent to pick-up its product.  Defendants admit that payment has not be made, but deny that payment is due.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

20.   In answer to paragraph 20 of the Complaint, paragraph 20 is an incorporation paragraph to which no response is required.  Nevertheless, Defendants incorporate and reallege their responses to paragraphs 1 through 19 as if fully set

ECOFF
CAMPAIN
TILLES & KAY LLP
ATTORNEYS AT LAW

forth herein.

21.    In answer to paragraph 21 of the Complaint, Defendants deny the allegations thereof as asserted.

22.    In answer to paragraph 22 of the Complaint, Defendants admit that Harvest King was to pay certain sums, based upon certain events and ordered deliveries.  Defendants, deny, however, that payment is due as a result of certain breaches.

23.    In answer to paragraph 23 of the Complaint, Defendants deny the allegations thereof.

24.    In answer to paragraph 24 of the Complaint, Defendants deny the allegations thereof.

25.    In answer to paragraph 25 of the Complaint, such paragraph states legal conclusions to which no response is required.

26.    In answer to paragraph 26 of the Complaint, Defendants deny the allegations thereof.

## SECOND CAUSE OF ACTION
## OPEN BOOK ACCOUNT

27.    In answer to paragraph 27 of the Complaint, paragraph 27 is an incorporation paragraph to which no response is required.  Nevertheless, Defendants incorporate and reallege their responses to paragraphs 1 through 26 as if fully set forth herein.

28.    In answer to paragraph 28 of the Complaint, Defendants deny the allegations thereof.

29.    In answer to paragraph 29 of the Complaint, Defendants deny the allegations thereof.

30.    In answer to paragraph 30 of the Complaint, Defendants deny the allegations thereof.

**ANSWER TO COMPLAINT**

### THIRD CAUSE OF ACTION
### ACCOUNT STATED

31.    In answer to paragraph 31 of the Complaint, paragraph 31 is an incorporation paragraph to which no response is required.  Nevertheless, Defendants incorporate and reallege their responses to paragraphs 1 through 30 as if fully set forth herein.

32.    In answer to paragraph 32 of the Complaint, such paragraph states legal conclusions to which no response is required.  Nevertheless, Defendants deny the allegations thereof.

33.    In answer to paragraph 33 of the Complaint, Defendants deny the allegations thereof.

34.    In answer to paragraph 34 of the Complaint, Defendants deny the allegations thereof.

### FOURTH CAUSE OF ACTION
### UNJUST ENRICHMENT – QUANTUM MERUIT

35.    In answer to paragraph 35 of the Complaint, paragraph 35 is an incorporation paragraph to which no response is required.  Nevertheless, Defendants incorporate and reallege their responses to paragraphs 1 through 34 as if fully set forth herein.

36.    In answer to paragraph 36 of the Complaint, Defendants deny the allegations thereof.

37.    In answer to paragraph 37 of the Complaint, Defendants deny the allegations thereof.

38.    In answer to paragraph 38 of the Complaint, Defendants admit that Harvest King has not tendered payment to Plaintiff, but deny that any payment is due and owing.

39.    In answer to paragraph 39 of the Complaint, such paragraph states legal conclusions to which no response is required.  Nevertheless, Defendants deny the

**ANSWER TO COMPLAINT**

allegations thereof.

40.     In answer to paragraph 40 of the Complaint, Defendants deny the allegations thereof.

### FIFTH CAUSE OF ACTION
### CONVERSION

41.     In answer to paragraph 41 of the Complaint, paragraph 41 is an incorporation paragraph to which no response is required.  Nevertheless, Defendants incorporate and reallege their responses to paragraphs 1 through 40 as if fully set forth herein.

42.     In answer to paragraph 42 of the Complaint, such paragraph states legal conclusions to which no response is required.

43.     In answer to paragraph 43 of the Complaint, Defendants deny the allegations thereof.

44.     In answer to paragraph 44 of the Complaint, Defendants deny the allegations thereof.

45.     In answer to paragraph 45 of the Complaint, Defendants deny the allegations thereof.

46.     In answer to paragraph 46 of the Complaint, such paragraph states legal conclusions to which no response is required.  Defendants deny the allegations thereof.

47.     In answer to paragraph 47 of the Complaint, Defendants deny the allegations thereof.

### SIXTH CAUSE OF ACTION
### TRESPASS TO CHATTEL

48.     In answer to paragraph 48 of the Complaint, paragraph 48 is an incorporation paragraph to which no response is required.  Nevertheless, Defendants incorporate and reallege their responses to paragraphs 1 through 47 as if fully set forth herein.

**ANSWER TO COMPLAINT**

49.     In answer to paragraph 49 of the Complaint, Defendants deny the allegations thereof.

50.     In answer to paragraph 50 of the Complaint, Defendants deny the allegations thereof.

51.     In answer to paragraph 51 of the Complaint, Defendants deny the allegations thereof, and deny that it is the cause of Plaintiff's damage in any amount, or at all.

52.     In answer to paragraph 52 of the Complaint, Defendants deny the allegations thereof.

53.     In answer to paragraph 53 of the Complaint, Defendants deny the allegations thereof, and deny that they are the cause of Plaintiff's damage in any amount, or at all.

54.     In answer to paragraph 54 of the Complaint, Defendants deny the allegations thereof.

### **PRAYER FOR RELIEF**

Defendants den all allegations in the prayer in the Complaint, and deny that Plaintiff is entitled to the relief sought.  Defendants respectfully request that this Court enter judgment against Plaintiff, and in favor of Defendants, dismiss this action with prejudice, deny Plaintiff's request for damages, and further deny such other relief as this Court deems just and proper.

### **DEFENSES AND AFFIRMATIVE DEFENSES**

Defendants state that they intend to rely upon and otherwise preserve the following Affirmative Defenses to Plaintiff's Complaint:

### **FIRST AFFIRMATIVE DEFENSE**
### **(Failure to State a Claim)**

1.     As a first, separate and distinct affirmative defense to the Complaint herein, and to each purported cause of action thereof, Defendants allege that the Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Condition Precedent)

2.      As a second, separate and distinct affirmative defense to the Complaint herein, Harvest King's obligation, if any, was subject to a condition precedent to receive a certain amount of product from its contracting party, which it did not receive.

## THIRD AFFIRMATIVE DEFENSE

### (Indispensable Party)

3.      As a third, separate and distinct affirmative defense to the Complaint herein, Defendant asserts that Plaintiff has failed to include and sue an indispensable party, Kings Landing and/or Paul Morris.

## FOURTH AFFIRMATIVE DEFENSE

### (Offset)

4.      As a fourth, separate and distinct affirmative defense to the Complaint herein, Defendants assert that if any damages are owed, Plaintiff is entitled to an offset for damages and other relief to which it is entitled.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

5.      As a fifth, separate and distinct affirmative defense to the Complaint herein, Defendants assert that Plaintiff has unclean hands in failing to fulfill the entirety of Harvest King's order, or assure that the entirety of Harvest King's order to such third party was fulfilled.

## SIXTH AFFIRMATIVE DEFENSE

### (Fault of Third Parties)

6.      As a sixth, separate and distinct affirmative defense to the Complaint herein, Plaintiff's damages, if any, and none being admitted, were not caused by Defendants, but were caused by the acts, conduct or omissions of individuals or entities other than Defendants. Defendants are not responsible for these third parties

**ANSWER TO COMPLAINT**

and exercise no control and/or has no right to control their activities.

## SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Contract)

7.      As a seventh, separate and distinct affirmative defense to the Complaint herein, Defendants asserts that they did not enter into any agreement with Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

### (Reservation of Affirmative Defenses)

8.      As an eighth, separate and distinct affirmative defense to the Complaint herein, Defendants have not yet completed discovery, and therefore reserve the right to assert additional affirmative defenses as discovery and investigation so justifies.

WHEREFORE, having answered the Complaint and raised its defenses and affirmative defenses, Defendants respectfully request that this Court enter judgment against Plaintiff, and in favor of Defendants, dismiss this action with prejudice, deny Plaintiff's request for damages, and further deny such other relief as this Court deems just and proper.

Dated:   July 20, 2022                    Respectfully Submitted,

ECOFF CAMPAIN TILLES & KAY. LLP

By:      _/s/ Lawrence C. Ecoff_
LAWRENCE C. ECOFF, ESQ.

Attorneys for Defendants
HARVEST KING TRADING
USA, LIMITED, THOMAS JAU
and PAK LAM

**ANSWER TO COMPLAINT**

## **REQUEST FOR JURY TRIAL**

Defendants hereby request a trial by jury pursuant to the Federal Rules of Civil Procedure, and the Local Rules.

Dated:   July 20, 2022                    Respectfully Submitted,

ECOFF CAMPAIN TILLES & KAY. LLP

By:   _____*/s/ Lawrence C. Ecoff*_____
LAWRENCE C. ECOFF, ESQ.

Attorneys for Defendants
HARVEST KING TRADING
USA, LIMITED, THOMAS JAU
and PAK LAM

---

11

**ANSWER TO COMPLAINT**