1  K. Tom Kohan (CA BAR NO.: 225420)
2  KOHAN LAW FIRM
   1310 Westwood Blvd., 2nd Floor
3  Los Angeles, California 90024
4  Tel: (310) 349-1111
   Fax: (888) 476-7010
5  Email: tom@kohanlawfirm.com

6
7  Attorneys for Plaintiff
   COASTAL CORPORATION LTD.
8

9              UNITED STATES DISTRICT COURT

10           CENTRAL DISTRICT OF CALIFORNIA

11                                        CASE NO.

12  COASTAL CORPORATION LTD.              **Case No. 2:22-cv-02687-DSF-JEM**

13              Plaintiff
       vs.                                **Assigned to:  Dale S. Fischer**
14
    HARVEST KING TRADING USA,             **JOINT REPORT OF RULE 26(f)**
15  LIMITED,  a California corporation;   **MEETING**
    THOMAS JAU, an individual aka
16  TOM JAU; LAM LAM, an                  **SCHEDULING CONFERENCE:**
    individual; PAK LAM, an
17  individual; DOES 1 THROUGH 10 ,       Date:  August  1, 2022
    INCLUSIVE                             Time:  11:00 a.m.
18                                        Ctrm:  722
              Defendants.                 Complaint filed:    4/22/2022
19                                        Trial date:         None set
20

21

22

23

24

25

26

27

28

---

**JOINT RULE 26(f) REPORT**

{02636365.1}

Plaintiff Coastal Corporation Ltd. and Defendants Harvest King Trading USA, Limited ("Harvest", Thomas Jau, and Pak Lam (collectively "Defendants") hereby submit a Joint Report of Rule 26(f) Meeting as required by Rules 16 and 26(f) of the Federal Rules of Civil Procedure, Local Rule 26-1, and this Court's May 22, 2022 Order Setting Scheduling Conference [Dkt. No. 12].

A conference of counsel was held by and between K. Tom Kohan, Esq., counsel for Plaintiff, and Alberto J. Campain, Esq. counsel for Defendants.

## I.      STATEMENT OF THE CASE

### A.      Plaintiff's Statement

Plaintiff is a wholesaler supplier of shrimp in India.  Plaintiff contends that it contracted with Harvest to deliver shrimp to Harvest in the amount of $126,000.00. Harvest picked up the shipment of shrimp from the port in Los Angeles, but has failed to pay for it.  As an alternative theory of recovery, Plaintiff contends that Harvest was unjustly enriched by receiving the shrimp, but not having paid for it.  Upon information and belief, the individual defendants (Thomas Jau, Pak Lam, and Lam Lam) are shareholders and/or officers of Harvest, who are being sued on the basis of alter ego liability.

### B.      Defendants' Statement

Defendants communicated with Paul Morris, of King's Landing, to order frozen shrimp.  Prior to doing so, Defendants met with Mr. Morris, and informed Mr. Morris of its needs in terms of quantity, and its price per pound.  The product, however, was delayed in receipt.  In addition, the product was supposed to be part of a larger order, which the broker, King's Landing, was refusing to honor.  Plaintiff's agent, King's Landing, has refused to perform the entire contract, on the terms agreed.

## II.     SUBJECT MATTER JURISDICTION

This action is based on diversity jurisdiction.  Plaintiff is a corporation based in India.  Defendants are all resident of the state of California.  The amount in controversy exceeds $75,000 (principal sum of $126,000).

2

**JOINT RULE 26(f) REPORT**

## III.   PRINCIPAL LEGAL ISSUES IN THE CASE

1) Whether Plaintiff and Harvest entered into an enforceable written contract and/or an implied contract;

2) Whether Harvest is liable based on the theory of unjust enrichment and/or other causes of action in this action, having received the goods, but not having paid for them; and

3) Whether individual defendants are liable on the basis of alter ego liability.

4) Whether Plaintiff, acting through its agent King's Landing, breached the written contract.

## IV.   PARTIES, EVIDENCE, ETC.

Defendants anticipate the persons most knowledgeable of Plaintiff and Harvest (namely the individual defendants) will be percipient witnesses.  Defendants anticipate that witnesses will be the person most knowledgeable for Plaintiff, person most knowledgeable for Harvest, and Paul Morris, of King's Landing.

The key documents at issue are the alleged contracts at issue, any writings between the parties and third parties, evidence of alleged receipt of the goods by Harvest, communications between the parties and King's Landing.

Neither Plaintiff or Harvest have any corporate parents, subsidiaries, or affiliates.

## V.   DAMAGES

Plaintiff is claiming the principal sum of $126,000 (price of the goods), plus applicable interest, costs and attorneys' fees, as well as punitive damages to be determined for the intentional tort causes of action.

Defendants contest Plaintiff's damages, and will present expert and percipient testimony to address such requested relief.

## VI.   INSURANCE

The parties do not believe any applicable insurance policies exist.

3

FRCP RULE 26 JOINT REPORT

1  **VII.  MOTIONS TO AMEND PLEADINGS**

2      Plaintiff does not anticipate amending its pleadings other than adding DOEs, if and

3  once the identity of such DOEs are discovered.

4      Defendants do not anticipate any motions at this time.

5  **VIII.  STATUS OF DISCOVERY**

6      The parties have not yet begun discovery.  Written discovery will be propounded

7  in advance of the Rule 26 Conference.

8  **IX.  DISCOVERY PLAN**

9      The parties agree that they exchange their initial disclosures according to the

10  Federal Rules of Civil Procedure.

11      The parties agree that discovery should not be conducted in phases or limited.

12      Plaintiff's discovery will address the claims and defenses raised in the parties'

13  initial pleadings, including but not limited to discovery surrounding the contract(s)

14  alleged to have been entered into and whether Harvest received the goods at issue.

15      The parties have considered the identification, maintenance, and production of

16  electronically stored information and agree to produce electronically stored information,

17  if any, in an organized hard copy format.

18      To the extent that the discovery sought requires the production of Defendants'

19  proprietary or non-public information, Defendants propose that such discovery take place

20  following the Court's approval of a stipulated protective order.

21      Other than as discussed above, the parties do not anticipate seeking any other

22  modifications on the limitations imposed by the Local Rules and/or the Federal Rules of

23  Civil Procedure with respect to discovery.   The parties do not anticipate the need to use

24  an independent expert or master.

25      **A.      Plaintiff's Discovery Plan**

26      Plaintiff's discovery will address the claims and defenses raised in the parties'

27  initial pleadings, including but not limited to interrogatories, requests for production,

28  requests for admission, and deposition(s) surrounding the contract(s) alleged to have been

FRCP RULE 26 JOINT REPORT

1 | entered into and whether Harvest received the goods at issue.  To that end, Plaintiff

2 | anticipates propounding the aforementioned discovery on the individual defendants, as

3 | well as the person most knowledgeable of Harvest.

4 |       **B.    Defendant's Discovery Plan**

5 |       Defendants anticipate conducting the depositions of Plaintiff, and third party Paul

6 | Morris, of King's Landing.  Given the sheer absence of responsive materials produced,

7 | pending discovery issues are anticipated.

8 | **X.    DISCOVERY CUTOFF**

9 |       The parties proposed discovery cut off dates are reflected in the Schedule of

10 | Pretrial and Trial Dates, attached hereto as Exhibit A.

11 | **XI.    EXPERT DISCOVERY**

12 |       The parties proposed discovery cut off dates are reflected in the Schedule of

13 | Pretrial and Trial Dates, attached hereto as Exhibit A.

14 | **XII.    PROPOSED DISPOSITIVE MOTION CUTOFF DATE**

15 |       The parties agree to a March 23, 2023 motion cutoff.

16 | **XIII.  DISPOSITIVE MOTIONS**

17 |       Plaintiff anticipates filing motion for summary judgment and/or summary

18 | adjudication.  Plaintiff also anticipates filing an application for issuance of a writ of

19 | attachment.

20 |       Defendant does not anticipate filing any dispositive motions at this time.

21 | **XIV.  SETTLEMENT/ ADR**

22 |       The parties have not discussed settlement, as they believe they need more

23 | information to enter into settlement discussions.  The parties agree to Settlement

24 | Procedure No. 2, to have a settlement conference before the Attorney Settlement Panel.

25 | **VIII.  TRIAL ESTIMATE**

26 |       Parties estimate a 3 day jury trial.

27 | **XV.  OTHER PARTIES LIKELY TO BE ADDED**

28 |       Plaintiff anticipates amending its pleadings other than adding DOEs, if and once

FRCP RULE 26 JOINT REPORT

1    the identity of such DOEs are discovered.

2    **XVI. LEAD TRIAL COUNSEL**

3        Plaintiff: K. Tom Kohan

4        Defendants: Lawrence C. Ecoff and Alberto J. Campain

5    **XVII. INDEPENDENT EXPERT OR MASTER**

6        This is not a case that requires the appointment of a master or independent

7    scientific expert.

8    **XVIII.      TIMETABLE**

9        The proposed timetable is set forth in the Schedule of Pretrial and Trial Dates,

10    attached hereto as Exhibit A.

11    **XIX. CONSENT TO PROCEED BEFORE A MAGISTRATE JUDGE**

12        The parties do not consent to trial of this action before a magistrate judge.

13    **XX.    PROPOSALS REGARDING SEVERANCE, BIFURCATION, OR OTHER**

14           **ORDERING OF PROOF**

15        The parties are not proposing the bifurcation or severance or other ordering of

16    proof.

17    **XXI. OTHER ISSUES**

18        The parties believe that an action entitled RLI Insurance Company v Harvest King

19    Trading USA, Ltd., et al., bearing case number 2:22-cv-03173-RSWL-AS, filed on or

20    about May 10, 2022, and currently pending in the U.S. District Court for the Central

21    District of California before Hon. Ronald S.W. Lew, might involve certain facts that are

22    related to this action.

23

24    DATED: July 21, 2022           KOHAN LAW FIRM

25                                */s/ K. Tom Kohan*

26                                K. Tom Kohan

27                                Attorney for Plaintiff
                                     COASTAL CORPORATION LTD

28

FRCP RULE 26 JOINT REPORT

1    DATED: July  21, 2022                    ECOFF CAMPAIN TILLES & KAY, LLP

2                                             */s/ Alberto J. Campain*

3                                             Alberto J. Campain
                                              Attorneys for Defendants
4                                             HARVEST KING TRADING USA,
                                              LIMITED, THOMAS JAU and
5                                             PAK LAM

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

ATTESTATION UNDER LOCAL RULE 5-4.3.4

I, K. Tom Kohan, am the ECF User whose ID and password are being used to file this JOINT REPORT OF RULE 26(f) MEETING.  In compliance with Local Rule 5-4.3.4(a)(2), I hereby certify and attest that Defendants' counsel, Alberto J. Campain, Esq, has concurred in this filing.


DATED: July 21, 2022          */s/ K. Tom Kohan*

8

FRCP RULE 26 JOINT REPORT

# **EXHIBIT A**

## **SCHEDULE OF PRETRIAL AND TRIAL DATES**

CASE NAME: *Coastal Corporation LTD v.* Harvest King Trading USA, LIMITED *et al.*

CASE NO: 2:22-cv-02687-DSF-JEM

| Matter | Time | Weeks before trial | Plaintiff's & Defendant's request | Court's order |
|---|---|---|---|---|
| Trial (jury) (Duration Estimate: 3 days) (**Tuesday**) | 8:30 a.m. | | June 23, 2023 | |
| Pretrial Conference, LR 16; Hearings on Motions in Limine (**Monday**) | 3:00 p.m. | 4 | May 15, 2023 | |
| Trial Documents (Set Two)<br>All Trials: Lodge Pretrial Conference Order, LR 16-7; File Oppositions to Motions in Limine<br><br>Jury Trial Only: File Agreed Set of Jury Instructions and Verdict Forms;<br><br>File Statement Regarding Disputed Instructions and Verdict Forms | | 6 | May 1, 2023 | |
| Trial Documents (Set One)<br><br>All Trials: File Memo of Contentions of Fact and Law, LR 16-4;  Exhibit & Witness Lists, LR 16-5, 6;Status Report Regarding Settlement; Motions in Limine (no more than five motions per side may be filed with Court permission)<br><br>Court Trial Only: Lodge Findings of Fact and Conclusions of Law; LR 52; File Summaries of Direct Testimony (optional) | | 7 | April 24, 2023 | |

FRCP RULE 26 JOINT REPORT

| | | | | |
|---|---|---|---|---|
| Last day to conduct ADR Proceeding, LR 16-15 | | 12 | March 27, 2023 | |
| Last day for **hearing** motions (except motions to amend pleadings or add parties and motions in limite, LR 7 (**Monday**) | | 14 | March 13, 2023 | |
| Non-expert Discovery Cut-off | | 21+ | January 23, 2023 | |
| Expert Disclosure (initial) | | | November 21, 2022 | |
| Expert Disclosure (rebuttal) | | | December 19, 2022 | |
| Expert Discovery Cut-off | | 21+ | January 23, 2023 | |
| Last Date to Amend Pleadings or Add Parties | | 32+ | October 31, 2022 | |

FRCP RULE 26 JOINT REPORT