Lawrence C. Ecoff, Esq. SBN 143814
Alberto J. Campain, Esq. SBN 204068
**ECOFF CAMPAIN TILLES & KAY, LLP**
A Limited Liability Partnership
280 South Beverly Drive, Suite 504
Beverly Hills, California 90212
Telephone:   (310) 887-1850
Facsimile:    (310) 887-1855
E-mail:        ecoff@ecofflaw.com
                    campain@ecofflaw.com

Attorneys for Defendants
HARVEST KING TRADING USA, LIMITED,
THOMAS JAU and PAK LAM

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COASTAL CORPORATION LTD.<br><br>Plaintiff,<br>v.<br>HARVEST KING TRADING USA, LIMITED, a California corporation, THOMAS JAU, an individual aka TOM JAU; LAM, an individual; PAK LAM, an individual; DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:22-CV-02687-DEF-JEM<br><br>**NOTICE OF MOTION AND MOTION TO WITHDRAWAL AS COUNSEL OF RECORD FOR DEFENDANTS HARVEST KING TRADING USA, LIMITED, THOMAS JAU AND PAK LAM**<br><br>Date:   February 27, 2023<br>Time:  1:30 p.m.<br>Ctrm:  7D<br><br>Complaint filed:  April 22, 2022<br>Trial Date:         June 20. 2023 |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** on February 27, 2023, at 1:30 p.m., or as soon thereafter as the matter may be heard in Courtroom 7D located at 350 W. First Street, Los Angeles, California, Lawrence C. Ecoff, Esq., Alberto J. Campain, Esq., and the law firm of Ecoff Campain Tilles & Kay, LLP (collectively "Ecoff Firm"), move the Court for an order granting leave to withdraw as counsel of record for defendants Harvest King Trading USA Limited, Thomas Jau and Pak Lam (collectively "Defendants").

Good cause exists pursuant to Local Rule 83-2.3.2 and California Rules of

Professional Responsibility 1.16(b)(5) for the Court to grant this motion because Defendants have breached the terms of their agreement and the Attorney Fee Agreement with counsel. Further, withdrawal of the Ecoff Firm does not prejudice the Defendants or other litigants, and it does not harm the administration of justice.

In compliance with Local Rule 83-2.3.4, the Ecoff Firm, provided Defendants with written notice of the firm's intent to withdraw as counsel and provided Defendants with notice of the entity Defendants inability to appear pro se. The Ecoff Firm provided notice to all litigants in this action of its intent to move to withdraw as counsel for Defendants.

This motion is made pursuant to this Notice, the attached Memorandum of Points and Authorities, the accompanying Declaration of Lawrence C. Ecoff, and such further evidence as the Court may permit at the hearing of this matter, should the Court find a hearing necessary.

Dated: January 20, 2023            ECOFF CAMPAIN TILLES & KAY, LLP

By: _____/s/ Lawrence C. Ecoff_____
LAWRENCE C. ECOFF, ESQ.

Attorneys for Defendants
HARVEST KING TRADING USA, LIMITED, THOMAS JAU and PAK LAM

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. STATEMENT OF FACTS

The Ecoff Firm was retained by Defendants pursuant to a written Attorney Fee Agreement to represent Defendants. (Ecoff Decl., ¶ 3). The Attorney Fee Agreement requires the Ecoff Firm to transmit monthly statements and Defendants to make payments within 30 days of issuance of the monthly statements. *Id.*

The Ecoff Firm issued monthly billing statements to Defendants as required by the Attorney Fee Agreement. (Ecoff Decl., ¶ 4). Defendants breached their obligations under the Attorney Fee Agreement by failing to make the payment within 30 days of issuance of the monthly statements. *Id.* The Ecoff Firm advised Defendants that unless they complied with their obligations under the Attorney Fee Agreement, the Ecoff Firm would move to withdraw as counsel. (Ecoff Decl., ¶ 5). Despite such request, Defendants did not comply, necessitating the filing of this motion.

## II. LEGAL STANDARD

Under the Local Rules of this Court, "[a]n attorney may not withdraw as counsel except by leave of court," and "[a] motion for leave to withdraw must be made upon written notice given reasonably in advance to the client and to all other parties who have appeared in the action." C.D. Cal. L.R. 83-2.3.2. The motion "must be supported by good cause." *Id*.

In deciding a motion to withdraw, district courts generally consider: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and, (4) the degree to which withdrawal will delay the resolution of the case." *Stewart v. Boeing Co.*, No. CV 12-05621 RSWL (AGRx), 2013 WL 3168269, at *1 (C.D. Cal. June 19, 2013) (quoting *Beard v. Shuttermart of CA., Inc.*, No. 07CV594WQH (NLS), 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008)) (internal quotation marks omitted).

In assessing the reasons for withdrawal, the Court looks to the California Rules of Professional Conduct. *Stewart v. Boeing Co.*, No. CV 12-05621 RSWL, 2013 WL 3168269, at *1 (C.D. Cal. June 19, 2013) ("Federal courts also often look to applicable state rules in determining whether adequate grounds exist to excuse counsel from further representation."); *U.A. Local 342 Joint Labor-Mgmt. Comm. v. S. City Refrigeration, Inc.*, No. C-09-3219 JCS, 2010 WL 1293522, at *3 (N.D. Cal. Mar. 31, 2010) ("In this district, courts look to the standards of professional conduct required of members of the State Bar of California in determining whether counsel may withdraw representation.").

Good cause for withdrawal as counsel is present here pursuant to California Rules of Professional Conduct 1.16(b)(5) based upon Defendants' failure to honor the obligations under the Attorney Fee Agreement.

### III. ARGUMENT

#### A. The Ecoff Firm Should Be Permitted to Withdraw Because Defendants Failed to Comply with the Financial Obligations

The California Rules of Professional Conduct permit attorneys to withdraw if "the client breaches a material term of an agreement with, or obligation to, the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation." California Rules of Professional Conduct 1.16(b)(5).

The courts in the Central District have found that a client's breach of financial obligations to the firm constitutes "good cause" for withdrawal of representation. *The Wimbeldon Fund, (Class TT) v. Graybox, LLC*, 2018 WL 3323874, *2 (C.D. Cal. 2018) ("BMK's assertions regarding the failure of Bergstein and Graybox to pay their legal fees, supported by Bisconti's declaration, are sufficient to establish good cause."); *Freyr Holdings, LLC v. Legacy Life Advisors, LLC*, 2014 WL 12735017, *2 (C.D. Cal. 2014) ("Under § 3-700(C)(1)(f) of the

California Rules of Professional Conduct, a client's breach of a fee agreement is a sufficient ground to permit an attorney to withdraw."); *Garnica v. Fremont Inv. & Loan*, 12–cv–1366– DOC, 2012 WL 5830078, *1 (C.D. Cal. Nov. 14, 2012) (granting counsel for plaintiffs' motion to withdraw, based in part on the attorney's uncontested declaration that "[p]laintiffs had failed to pay an outstanding balance on the retainer agreement, as well as fees").

Here, the Ecoff Firm has repeatedly warned Defendants that unless Defendants complied with their financial obligation under the retainer agreement, the Ecoff Firm would be required to move to withdraw as counsel of record. Defendants refused to comply, requiring the Ecoff Firm to bring this motion.

### B. Withdrawal Will Not Prejudice the Litigants, Harm the Administration of Justice or Delay the Case

Withdrawal would neither unreasonably prejudice Defendants' rights nor delay the resolution of this case because Defendants have had and will have sufficient time to hire new counsel. The trial in this matter is set for June 20, 2023. This provides Defendants with sufficient time to obtain new representation. See *McNally v. Commonwealth Fin. Sys., Inc.*, No. 12-CV-2770-IEG MDD, 2013 WL 685364, at *1 (S.D. Cal. Feb. 25, 2013) (granting the corporate defendant's counsel's withdrawal the corporate defendant had ample opportunity to retain substitute counsel as needed).

In addition, the Ecoff Firm has actively prepared this matter for trial such that new counsel can easily substitute in this matter and be prepared for a June 20, 2023 trial. (Ecoff Decl., ¶ 6). The Ecoff Firm participated in the Rule 26(f) meeting of counsel, prepared and served Defendants' Initial Disclosure Pursuant to Rule 26(a)(1), represented Defendants at Mediation, and served written discovery on Plaintiff. *Id.*

Moreover, the Ecoff Firm warned Defendants that it would be seeking to withdraw and that Defendants should locate new counsel. Despite such warning,

5
**MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANTS**

Defendants did not obtain new counsel. The fact that Defendants have not obtained new counsel is not grounds to deny the withdrawal. *Stewart v. Boeing Co.*, 2013 WL 3168269, *1, *2 (C.D. Cal. 2013) (permitting unpaid attorney to withdraw even though no substitute counsel had been retained, and stating, "The failure of a client to pay attorney's fees provides a sufficient basis on which to grant a request to withdraw from representation.").

### C. Proper Notice Was Given To All Litigants

Pursuant to Local Rule 83-2.3.2, on January 17, 2023, the Ecoff Firm provided Defendants with written of the intent to bring a motion to withdraw. (Ecoff Decl., ¶ 7, Exhibit 1). In compliance with Local Rule 83-2.3.4, the Ecoff Firm further informed Defendant Harvest King that it cannot represent itself in this action and would need to retain new counsel.

Finally, on January 19, 2023, written notice was provided to Plaintiff's counsel, K. Tom Kohan, by email of the Ecoff Firm's intention to bring a motion to withdraw. (Ecoff Decl., ¶ 8, Exhibit 2).

### IV. CONCLUSION

For the foregoing reasons, the Ecoff Firm respectfully requests that the Court grant the Motion to Withdraw as counsel for Defendants Harvest King Trading USA Limited, Thomas Jau and Pak Lam.

Dated: January 20, 2023　　　　　　　　ECOFF CAMPAIN TILLES & KAY, LLP

By: */s/ Lawrence C. Ecoff*
LAWRENCE C. ECOFF, ESQ.

Attorneys for Defendants
HARVEST KING TRADING USA, LIMITED, THOMAS JAU and PAK LAM