K. Tom Kohan (CA BAR NO.: 225420)
KOHAN LAW FIRM
1310 Westwood Blvd., 2nd Floor
Los Angeles, California 90024
Tel: (310) 349-1111
Fax: (888) 476-7010
Email: tom@kohanlawfirm.com

Attorneys for Plaintiff
COASTAL CORPORATION LTD.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COASTAL CORPORATION LTD.<br><br>               Plaintiff<br>vs.<br><br>HARVEST KING TRADING USA, LIMITED, a California corporation; THOMAS JAU, an individual aka TOM JAU; LAM LAM, an individual; PAK LAM, an individual; DOES 1 THROUGH 10, INCLUSIVE<br><br>               Defendants. | CASE NO.  2:22-cv-02687-DSF-JEM<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S APPLICATION FOR ISSUANCE OF RIGHT TO ATTACH ORDER**<br><br>[Declaration of K. Tom Kohan Concurrently Filed Herewith]<br><br>**Hearing Date: January 31, 2023<br>Time: 10:00 A.M.<br>Place:  Roybal Federal Building and United States Courthouse<br>255 E. Temple Street, Los Angeles, California 90012<br>Courtroom 640, 6th Floor<br>Judge:      Hon. John E. McDermott** |

REPLY MEMORANDUM OF POINTS AND AUTHORITIES

{02636365.1}

Plaintiff Coastal Corporation Ltd. ("Plaintiff") hereby submits its Reply Memorandum of Points and Authorities in Support of its Application for Issuance of a Writ of Attachment.

As a threshold matter, Defendant's Opposition was due to be filed on or before January 10, 2023- 21 days before the hearing date of January 31, 2023. However, Defendant filed its Opposition on January 20, 2023 and thus, the opposition should be disregarded. Nevertheless, Plaintiff's counsel, not having anticipated such a late opposition, and having been experiencing some health issues, hereby files Plaintiff's Reply Brief. Declaration of K. Tom Kohan, concurrently filed herewith ("Kohan Decl. ¶2).IN

Defendant does not seem to dispute that it took Plaintiff's goods without paying for them. Defendant seems to center its argument around the fact that a third party (namely Seafood Doctor) has alleged that it paid Plaintiff for those same goods, and therefore, Plaintiff has somehow not suffered any damages. Assuming, *arguendo*, that Seafood Doctor's allegations in its Complaint in *RLI Insurance Company a/s/o Seafood Doctor v. Harvest King Trading USA, et al.*, Central District of California case no. 2:22-cv-03173-RSLW-AS ("Seafood Doctor Action"), are true[1], this actually bolsters Plaintiff's claims in the instant action and its application for issuance of a writ of attachment.

As admitted by Defendant itself, Defendant has not paid <u>anyone</u> for the goods. The allegation by Seafood Doctor, that it has paid Plaintiff for the goods, even if true, does not change the fact that Plaintiff is owed this money <u>from Defendant.</u>

---

[1] An application for a writ of attachment and an opposition thereto must be based on competent evidence. A Complaint filed in a separate action does not rise of the level of competent evidence, since by its definition, a complaint contains mere allegations.

1
REPLY MEMO. OF POINTS AND AUTHORITIES

In fact, even assuming Seafood Doctor's allegations are true, Plaintiff will have an obligation to repay Seafood Doctor for the breach committed by none other than Defendant. Seafood Doctor has in fact named Plaintiff in its lawsuit. Therefore, again, even if the allegations of Seafood Doctor's Complaint are true, Plaintiff must reimburse Seafood Doctor solely because of acts of Defendant.[2]

Accordingly, it is nonsensical at best to suggest that Plaintiff has not suffered any damages. Therefore, Plaintiff respectfully requests that its Application for Issuance of a Writ of Attachment be granted.

Date: January 27, 2023　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　KOHAN LAW FIRM


　　　　　　　　　　　　　　　　　By: /s/ K. Tom Kohan
　　　　　　　　　　　　　　　　　　　K. Tom Kohan, Esq.
　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　　　　　　COASTAL CORPORATION LTD.

---

[2] The instant application is obviously not the correct form to argue Plaintiff's potential claims and/or defenses in the Seafood Doctor Action. However, it is worthy to note that Coastal has not been served with the summons and the Complaint in the Seafood Doctor Action and has not appeared therein. Kohan Decl. ¶3.