K. Tom Kohan (CA BAR NO.: 225420)
KOHAN LAW FIRM
1310 Westwood Blvd., 2nd Floor
Los Angeles, California 90024
Tel: (310) 349-1111
Fax: (888) 476-7010
Email: tom@kohanlawfirm.com

Attorneys for Plaintiff
COASTAL CORPORATION LTD.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COASTAL CORPORATION LTD. <br><br> Plaintiff <br> vs. <br><br> HARVEST KING TRADING USA, LIMITED,  a California corporation; THOMAS JAU, an individual aka TOM JAU; LAM LAM, an individual; PAK LAM, an individual; DOES 1 THROUGH 10 , INCLUSIVE <br><br> Defendants. | CASE NO.  2:22-cv-02687-DSF-JEM <br> (to be related to 2:22-cv-03173-RSWL-AS) <br> _____ <br> **NOTICE OF RELATED CASES** <br><br> **[Local Rule 83-1.3]** |

NOTICE OF RELATED CASES

{02636365.1}

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

In accordance with Local Rule 83-1.3, Plaintiff COASTAL CORPORATION LTD. files the instant Notice of Related Cases.  The following cases call for a determination of the same or substantially identical questions of law and fact and therefore, are likely to entail substantial duplication of labor the judges assigned to each respective case.

1. *RLI Insurance Company v. Harvest King USA, Limited, et al.*, United States District Court for the Central District of California, Case No. 2:22-cv-03173-RSWL-AS.  A copy of the Complaint is attached hereto as Exhibit 1.  At issue in this case is the same transaction for sale and shipment of the same container of shrimp by Coastal Corporation Ltd. from India to Los Angeles.

2. *Coastal Corporation Ltd. v. Harvest King USA, Limited, et al.*, United States District Court for the Central District of California, Case No. 2:22-cv-02687-DSF-JEM.  A copy of the Complaint is attached hereto as Exhibit 2.  At issue in this case is the same transaction for sale and shipment of the same container of shrimp by Coastal Corporation Ltd. from India to Los Angeles.

**I.  These Cases Should Be Related Because They Arise out of the Same Nucleus of Facts and Involve the Same Legal and Factual Issues.**

Both cases involve the sale of the same shipment of goods by Coastal Corporation Ltd., initially to Harvest King and Harvest King's failure to pay for the same after it picked up the goods from the port in Los Angeles.

**II.     In the Interest of Judicial Economy, and Consistency, the Two Cases Should Be Related.**

In light of the identical legal issues presented in these cases (see attached Complaints), Coastal Corporation Ltd. submits that litigating these cases separately will create a substantial duplication of labor if heard by different judges.   Moreover, inconsistent rulings regarding the liability of the parties may result.   Accordingly, these are related cases for the purposes of Local Rule 83-1.


Date:  February 23, 2023                               Respectfully submitted,

                                                                  KOHAN LAW FIRM



                                                By: _/s/  K. Tom Kohan_____
                                                      K. Tom Kohan, Esq.
                                                      Attorneys for Plaintiff
                                                      COASTAL CORPORATION LTD.

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

*Coastal Corporation Ltd. v. Harvest King Trading USA, Limited, et al.*, Case No. 2:22-cv-02687-DSF-JEM

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 1310 Westwood Blvd. Los Angeles, CA 90024.

. On **February 23, 2023**, I served the forgoing document(s), described as  NOTICE OF RELATED CASES on all interested parties to this action, as follows:

☒ **BY MAIL:** By placing ☐ the original ☒ a true and correct copy of said document(s) in a sealed envelope(s) addressed as set forth on the service list herein, sealing it, and placing it for collection and mailing following ordinary business practices. I am readily familiar with the business' practice of collection and processing correspondence for mailing with the United States Postal Service (USPS). Under that practice, it would be deposited with the USPS in Beverly Hills, California, on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY OVERNIGHT MAIL:** By placing a true and correct copy of said document(s) in an envelope(s) designated by an express service carrier for overnight delivery, with delivery fees and postage prepaid, addressed as set forth on the service list herein, sealing it, and causing it to be deposited on that same day in a box or other facility regularly maintained by the carrier.

☐ **BY PERSONAL SERVICE:** By placing a true and correct copy of said document(s) in an envelope(s) addressed as set forth on the service list herein, sealing it, and delivering by hand to the addressee(s).

☐ **BY EMAIL:** Under statute, rule or court order, or by agreement, by emailing said document(s) to the person(s) as set forth on the service list herein.

☐ **BY FACSIMILE:** Under statute, rule or court order, or by agreement, by faxing said document(s) to the person(s) as set forth on the service list herein.

☐ **BY NOTICE OF ELECTRONIC FILING ("NEF"):** Pursuant to controlling General Order(s) said document(s) will be served by the Court via NEF and hyperlink to the document(s) or by electronically filing the document(s) on the Court's ECF system.

☐ **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ **FEDERAL:** I declare under penalty of perjury under the laws of the UNITED STATES OF AMERICA that the foregoing is true and correct.

4

NOTICE OF RELATED CASES

**SERVICE LIST:**

Thomas Jau
725 W. Duarte Road, #1581
Arcadia, CA 91007

Pak Lam
725 W. Duarte Road, #1581
Arcadia, CA 91007

Harvest King Trading USA, Limited
Attn: Thomas Jau
725 W. Duarte Road, #1581
Arcadia, CA 91007

     DATED:  January 17, 2023

                                        */s/ K. Tom Kohan*
                                         K. Tom Kohan

5

NOTICE OF RELATED CASES

# EXHIBIT 1

NOTICE OF RELATED CASES

Arturo E. Matthews, Jr., Esq. (SBN 145232)
MATTHEWS LAW FIRM, INC.
2522 Chambers Road, Suite 100
Tustin, California 92780
Telephone: (714) 647-7110
Telecopier: (714) 647-5558
Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

———————————————————————

RLI INSURANCE COMPANY a/s/o Seafood
Doctor, Inc., and SEAFOOD DOCTOR, INC.,

              Plaintiffs,

              - v. -

HARVEST KING TRADING USA, LIMITED,
COASTAL CORPORATION, LTD., and ORIENT
OVERSEAS CONTAINER LINE LIMITED,

              Defendants.

———————————————————————

             Case No.: 22 Civ. (    )

             **COMPLAINT**

             **JURY TRIAL DEMANDED**

        Plaintiffs, RLI Insurance Company, Inc. ("RLI"), and Seafood Doctor, Inc. ("Seafood"), by and through their attorneys, Matthews Law Firm, Inc. and Kennedy Lillis Schmidt & English, allege upon information and belief as follows:

**INTRODUCTION**

        1.    This action arises from the non-delivery and theft of a shipment of thirty-five thousand (35,000) pounds of frozen shrimp ("Cargo"), owned by Seafood and insured by RLI, sold to Seafood by Coastal Corporation, Ltd. ("Coastal"), tendered for shipment to Orient Overseas Container Line Limited ("OOCL"), and stolen by Harvest King Trading USA, Limited ("Harvest King").

1

## **PARTIES**

2. Seafood was and is an Oregon corporation with an office for the transaction of business at 4848 Airway Drive, Central Point, Oregon 97502.

3. Seafood is an importer and wholesaler of frozen seafood products.

4. Seafood owned the Cargo.

5. RLI was and is an Illinois corporation with an office for the transaction of business at 9025 North Lindbergh Drive, Peoria, Illinois 61615.

6. RLI insured the Cargo, paid Seafood's losses resulting from the incident detailed herein, and is thereby subrogated to Seafood's rights to the extent of that payment.

7. Seafood and RLI bring this action on their own behalves and as agents or trustees on behalf of all having an interest in the subject shipment.

8. Coastal was and is an India corporation with an office for the transaction of business at 15-1-37/3, Jayaprada Apartments, Nowroji Road, Maharanipeta, Visakhapatnam-530 002, Andhra Pradesh, India.

9. Coastal is an India-based producer, distributor, and exporter of frozen seafood products.

10. Coastal sold the Cargo to Seafood and arranged for its transport from India to the Port of Los Angeles.

11. Harvest King was an is a California corporation with an office for the transaction of business at 725 West Duarte Road, #1581, Arcadia, California 91077.

12. Harvest King is a foodstuffs importer and distributer who absconded with the Cargo upon its arrival at the Port of Los Angeles.

13. OOCL was and is a Hong Kong corporation with an office for the transaction of business at 31/F, Harbour Centre, 25 Harbour Road, Wanchai, Hong Kong, China.

2

COMPLAINT

14. OOCL is the ocean carrier that transported the Cargo under Bill of Lading No. OOLU2674887940, dated 27 July 2021 ("Bill of Lading").

## JURISDICTION & VENUE

15. Plaintiffs' claims arising under the Carriage of Goods by Sea Act, 46 U.S.C. App. § 1303 ("COGSA"), constitute admiralty or maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and fall within the admiralty and maritime jurisdiction of the United States and of this Honorable Court pursuant to 28 U.S.C. § 1333(1).

16. This Honorable Court has subject matter jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1332 because this is an action between parties of diverse citizenship, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

17. This Honorable Court has personal jurisdiction over Defendants, and venue is proper pursuant to 28 U.S.C. § 1391(b)(2), because Defendants' acts or omissions giving rise to the claim occurred within this judicial district.

## BACKGROUND

18. On or about 28 April 2021, Harvest King agreed to purchase the Cargo from Coastal for $126,000.00 ($3.60/lb. x 35,000 lbs.) under CY/CY shipping terms, pursuant to which Coastal was responsible for arranging the Cargo's ocean carriage from its facility in Visakhapatnam, India to the Port of Los Angeles.

19. Under the terms of the agreement, once the shipment arrived at the Port of Los Angeles and was cleared by the U.S. Food and Drug Administration ("FDA"), Harvest King would wire the agreed purchase price to Coastal prior to Coastal releasing the Cargo to Harvest King.

COMPLAINT

20. Coastal hired ocean carrier OOCL to carry the Cargo from the Port of Visakhapatnam to the Port of Los Angeles.

21. Coastal issued to Harvest King all necessary documents associated with the Cargo's purchase and shipment, including a Purchase Order, Commercial Invoice, Packing List, Certificate of Origin, and U.S. Department of State Shrimp Exporter's/Importer's Declaration, each of which listed Harvest King as consignee of the Cargo.

22. On 27 July 2021, OOCL accepted the Cargo at the Port of Visakhapatnam, agreed to carry it to the Port of Los Angeles, and issued the Bill of Lading – which likewise listed Harvest King as consignee of the Cargo – to cover the subject shipment.

23. Both the Purchase Order and Commercial Invoice that Coastal issued to Harvest King memorialized the payment terms specified in Paragraph 18, *supra*, namely that Harvest King was obligated to pay Coastal in full after the FDA cleared the Cargo and prior to Coastal releasing the Cargo to Harvest King.

24. Specifically, the Purchase Order stated "PAYMENT AFTER FDA PASSAGE," and the Commercial Invoice stated "PAYMENT BY [HARVEST KING] UPON FDA RELEASE AND BEFORE DELIVERY OF THE GOODS."

25. However, while the Cargo was en route, Harvest King advised Coastal that it would not remit payment until Coastal released the Cargo, so that Harvest King could pick up the Cargo and bring it to Harvest King's facility in Arcadia for inspection prior to payment.

26. Coastal did not accept Harvest King's attempt to alter the agreed-upon payment terms and advised Harvest King that it was cancelling the sale.

27. Coastal then approached Seafood to purchase the Cargo, and Seafood agreed to do so for the same purchase price of $126,000.00 and under the same payment terms,

1  namely that Seafood shall remit payment upon clearance of the Cargo by the FDA as a
2  precondition to Coastal releasing it to Seafood.

3        28.    Coastal issued to Seafood a revised Commercial Invoice, Packing List,
4  Certificate of Origin, and U.S. Department of State Shrimp Exporter's/Importer's Declaration, to
5  reflect Seafood as the purchaser and consignee of the Cargo.

6        29.    Coastal then advised OOCL that Seafood – and not Harvest King – was
7  now the consignee of the Cargo.

8        30.    OOCL, in turn, revised the Bill of Lading by removing Harvest King and
9  adding Seafood as the consignee.

10        31.    Accordingly, the prior versions of the Bill of Lading and documents
11  referenced in paragraph 21 listing Harvest King as the consignee became null and void.

12        32.    On 6 October 2021, the Cargo arrived at the Port of Los Angeles and was
13  cleared by U.S. Customs and the FDA on or about 10 October 2021.

14        33.    Thereafter, OOCL sent an Arrival Notice to Seafood indicating that the
15  Cargo had cleared and was ready for pick up.

16        34.    Accordingly, Seafood wired the $126,000.00 purchase price to Coastal.

17        35.    However, on the morning of 11 October 2021, before Seafood was able to
18  collect it, Harvest King picked up the Cargo at the Port of Los Angeles – by presenting the Bill
19  of Lading and/or other shipping documents referenced in paragraph 21 listing Harvest King as
20  the consignee, which Harvest King knew to be null and void – and absconded with it to Harvest
21  King's facility in Arcadia.

22        36.    On 11 October 2021, the wholesale market value of the Cargo was
23  approximately $157,500.00 ($4.50/lb x 35,000 lbs).

24

37.     Seafood demanded that Harvest King either return the Cargo or pay Seafood $136,500.00, a slight premium on the $126,000.00 purchase price intended to partially compensate Seafood for its loss of profits on the market value of the Cargo.

38.     However, Harvest King refused to remit payment to Seafood or to return the Cargo.

39.     Coastal likewise refused to refund Seafood the $126,000.00 purchase price despite non-delivery of the Cargo.

40.     As a result, Seafood suffered losses totaling $157,500.00 in damages, as nearly as can now be determined.

41.     Seafood submitted a claim to RLI for its losses, and RLI paid Seafood $137,600 to settle the claim.  RLI thereby became subrogated Seafood's rights to the extent of that payment.

42.     Seafood retains uninsured losses totaling approximately $19,000.00, the difference between the market value of the Cargo and the insurance settlement received from RLI.

### FIRST CAUSE OF ACTION AGAINST HARVEST KING:
### <u>CIVIL THEFT UNDER CALIFORNIA PENAL CODE § 496(c)</u>

43.     Paragraphs 1 through 42 are incorporated by reference as though fully set forth at length herein.

44.     California Penal Code section 496(a) prohibits "buy[ing] or receiv[ing] any property that has been stolen or that has been obtained *in any manner constituting theft* or extortion, knowing the property to be so stolen or obtained . . . ." Cal. Penal Code § 496(a) (emphasis added).  Section 496(a) applies equally to any "principal in the actual theft of the property." *Id.*

45. Under Penal Code section 496(c), "[a]ny person who has been injured by a violation of subdivision (a) . . . may bring an action for ***three times the amount of actual damages***, if any, sustained by the plaintiff, costs of suit, and reasonable attorney's fees." Cal. Penal Code § 496(c) (emphasis added).

46. "A criminal conviction is not a prerequisite to recovery of treble damages. All that is required is a 'violation' of subdivision (a) . . . ." *Switzer v. Wood*, 35 Cal. App. 5th 116, 126 (Cal. Ct. App. 2019).

47. In Penal Code section 484(a), California "consolidate[d] the . . . crimes known as larceny, embezzlement and obtaining property under false pretenses, into one crime, designated as theft. The basis of all of these crimes . . . is the unlawful taking or converting to one's own use of the property of another." *People v. Vidana*, 1 Cal. 5th 632, 640–41 (Cal. 2016)

48. Specifically, section 484(a) provides that "[e]very person who shall feloniously steal, take, carry, lead, or drive away the personal property of another, . . . ***or who shall knowingly and designedly, by any false or fraudulent representation or pretense, defraud any other person of money . . . or personal property***, is guilty of theft." Cal. Penal Code § 484(a) (emphasis added). "In determining the value of the property obtained, for the purposes of this section, the reasonable and fair market value shall be the test[.]" *Id.*

49. Thus, in providing for treble damages under section 496(a), the California Legislature "understood that the phrase 'a violation of subdivision (a)' would include theft by false pretense." *Bell v. Feibush*, 212 Cal. App. 4th 1041, 1048 (Cal. Ct. App. 2013).

50. Harvest King committed theft by false pretense in violation of section 484(a) by fraudulently presenting the Bill of Lading and/or other documents referenced in paragraph 21 inaccurately listing Harvest King as consignee of the Cargo – all of which Harvest King knew to be null and void after Coastal cancelled the sale – to agents at the Port of Los

7

Angeles with the intention of defrauding said agents to release the Cargo to Harvest King, and then absconding with the Cargo when said agents, in reliance on the false documents, released it to Harvest King.

51.     As such, Harvest King obtained the Cargo in a "manner constituting theft" in violation of Penal Code section 496(a).

52.     Seafood, having paid Coastal in full, was the rightful owner of the Cargo at the time of the theft and, therefore, suffered injury as a result of Harvest King's theft.

53.     As a direct and proximate cause of Harvest King's theft of the Cargo, Plaintiffs sustained damages, as nearly as can be determined, no part of which has been paid although duly demanded, in the sum of $157,500.00.

54.     Under Penal Code section 496(c), Plaintiffs are entitled to recover from Harvest King treble damages totaling $472,500.00.

### SECOND CAUSE OF ACTION AGAINST HARVEST KING: <u>CONVERSION</u>

55.     Paragraphs 1 through 54 are incorporated by reference as though fully set forth at length herein.

56.     Seafood was and is the rightful owner of the Cargo, having paid Coastal in full upon the Cargo's arrival and clearance at the Port of Los Angeles.

57.     Harvest King intentionally and substantially interfered with Seafood's rights to the Cargo by absconding with it at the Port of Los Angeles, carrying it to Harvest King's facility in Arcadia, and refusing to return it to Seafood.

58.     Seafood did not consent in any manner to Harvest King's taking of the Cargo.

COMPLAINT

59. As a direct and proximate cause of Harvest King's conversion of the Cargo, Plaintiffs sustained damages, as nearly can now be determined, no part of which has been paid although duly demanded, in the sum of $157,500.00.

**FIRST CAUSE OF ACTION AGAINST COASTAL:**
**BREACH OF CONTRACT**

60. Paragraphs 1 through 59 are incorporated by reference as though fully set forth at length herein.

61. Seafood entered into a valid and enforceable contract with Coastal to purchase the Cargo.

62. Under that contract, Coastal was obligated to release and deliver the Cargo to Seafood upon Seafood's payment of the agreed $126,000.00 purchase price after the Cargo arrived at the Port of Los Angeles and was cleared by the FDA.

63. Seafood performed all its obligations under the contract by, *inter alia*, paying Coastal the agreed purchase price of $126,000.00 when the Cargo arrived at the Port of Angeles and was cleared by the FDA.

64. Coastal breached the contract by failing to deliver the Cargo to Seafood.

65. As a direct and proximate cause of Coastal's breach of its contract with Seafood, Plaintiffs sustained damages, as nearly as can now be determined, no part of which has been paid although duly demanded, in the sum of $157,500.00.

**FIRST CAUSE OF ACTION AGAINST OOCL:**
**BREACH OF CONTRACT OF OCEAN CARRIAGE**

66. Paragraphs 1 through 65 are incorporated by reference as though fully set forth at length herein.

COMPLAINT

67. As ocean carrier of goods for hire, OOCL was obligated by COGSA and the terms of the Bill of Lading to properly and safely transport, handle, carry, keep, care for, discharge, and deliver the Cargo in the same good order and condition as when received by it.

68. OOCL breached those duties by failing to deliver the Cargo in the same good order and condition as when received by it, and instead allowing Harvest King to abscond with it.

69. As a direct and proximate cause of OOCL's breach of its duties under COGSA and the terms of the Bill of Lading, Plaintiffs sustained damages, as nearly can now be determined, no part of which has been paid although duly demanded, in the sum of $157,500.00.

WHEREFORE, Plaintiffs demand judgment in their favor as follows:

1. Against all Defendants in a principal amount of $157,500.00, plus interest, costs, and disbursements;

2. Against Harvest King in the treble amount of $472,500.00, plus interest, costs, disbursements, and reasonable attorney's fees; and

3. For such other and further relief as this Court may deem just and proper.

Dated: May 10, 2022          MATTHEWS LAW FIRM, INC.


By:   _s/ Arturo E. Matthews, Jr._____
          Arturo E. Matthews, Jr.,
          Attorney for Plaintiffs

10

COMPLAINT

# EXHIBIT 2

NOTICE OF RELATED CASES

{02636365.1}

K. Tom Kohan (CA BAR NO.: 225420)
KOHAN LAW FIRM
1925 Century Park East, Suite 1180
Los Angeles, California 90067
Tel: (310) 349-1111
Fax: (888) 476-7010
Email: tom@kohanlawfirm.com

Attorneys for Plaintiff
COASTAL CORPORATION LTD.

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| COASTAL CORPORATION LTD. <br><br> Plaintiff <br><br> vs. <br><br> HARVEST KING TRADING USA, LIMITED, a California corporation; THOMAS JAU, an individual aka TOM JAU; LAM LAM, an individual; PAK LAM, an individual; DOES 1 THROUGH 10, INCLUSIVE <br><br> Defendants. | CASE NO. <br><br> **COMPLAINT FOR:** <br> **1. BREACH OF CONTRACT** <br> **2. OPEN BOOK ACCOUNT** <br> **3. ACCOUNT STATED** <br> **4. UNJUST ENRICHMENT-** <br> **QUANTUM MERUIT** <br> **5. CONVERSION** <br> **6. TRESSPASS TO CHATTEL** <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT**

{02636365.1}

Plaintiff COASTAL CORPORATION LTD. ("Plaintiff" or "Coastal") hereby complains against Defendants HARVEST KING TRADING USA, LIMITED, a California corporation ("Harvest"); THOMAS JAU, an individual aka TOM JAU ("Jau"), LAM LAM, an individual ("Lam"), PAK LAM, an individual ("Pak") and DOES 1 through 10, inclusive (collectively with the aforementioned Defendants, the "Defendants"), and alleges as follows:

## NATURE OF THIS ACTION

1. Plaintiff brings this action for the acts of breach of contract and common counts, as well as conversion and trespass to chattel by Defendants for goods provided to them, but not paid for.

## PARTIES

2. Plaintiff is a corporation incorporated under the laws of India and having its principal place of business in India.

3. Defendant Harvest is a corporation organized under the laws of California and having its principal place of business in Los Angeles County.

4. Defendant Jau is an individual, who is and at all times mentioned herein was, on information and belief, a citizen of California, with his place of residence in Los Angeles County.

---

1

COMPLAINT FOR DAMAGES

5.  Defendant Lam is an individual, who is and at all times mentioned herein was, on information and belief, a citizen of California, with his place of residence in Los Angeles County.

6.  Defendant Pak is an individual, who is and at all times mentioned herein was, on information and belief, a citizen of California, with his place of residence in Los Angeles County

7. On information and belief, Defendants Jau, Pak, and Lam, are, and at all times herein mentioned were, shareholders and/or officers and/or directors of Harvest.

8. Plaintiff is informed and believes, and thereon alleges, that the actions and omissions that serve as the basis for this complaint were undertaken jointly and with the consent, conspiracy, cooperation, and joint participation of all defendants.

9. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, each defendant was the agent, joint venture, and/or employee of each and every other defendant, and in doing the things alleged in this complaint, each defendant was acting within the course and scope of such agency, joint venture, and/or employment and with the permission and consent of each of the other defendants.

10. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants named herein as DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff at this time. Plaintiff therefore sues said Defendants, and each of them, by such fictitious names. Plaintiff will advise the Court and seek

2

COMPLAINT FOR DAMAGES

leave to amend this Complaint when the true names and capacities of each such

Defendant has been ascertained. Plaintiff is informed and believes, and based thereon

alleges, that each such Defendant designated as a DOE is responsible in some manner

for the events and happenings referred to herein or as hereinafter specifically alleged.

## JURISDICTION AND VENUE

11. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332,

as there is diversity of citizenship between the parties, and the amount in controversy

exceeds $75,000, exclusive of interest and costs.

12. Venue is proper under 28 U.S.C § 1391(b)(2) because a substantial part

of the events or omissions giving rise to the claims occurred in this district.

## ALTER EGO LIABILITY

13. Plaintiff is informed and believes, and thereon alleges, that at all relevant

times, there existed a unity of interest and ownership between Harvest and each

of Defendants Jau, Lam, and Pak, such that any individuality or separateness between

such Defendants, and each of them, on the one hand, and Harvest, on the other, have

ceased. Harvest is the alter ego of such Defendants in that:

a. Harvest is, and at all relevant times was, a mere shell, instrumentality, and

conduit through which such Defendants carried on business in the name of Harvest while

exercising complete control and dominance over Harvest, its business, and its assets to

3

COMPLAINT FOR DAMAGES

such an extent that any individuality or separateness between Harvest and such Defendants did not exist.

b. Harvest was conceived, intended, and used by such Defendants as a device to avoid liability. Harvest is, and at all times herein mentioned was, so inadequately capitalized that, compared with the business to be done by Defendants and the risks of loss, its capitalization was illusory and trifling.

c. Defendants failed to keep arms-length relationships between themselves and Harvest.

d. Harvest is, and at all times herein mentioned was, controlled, dominated, and operated by such Defendants, and each of them, as their alter ego, in that the activities and business of Harvest were carried out without holding annual meetings, and without keeping records or minutes of any proceedings, or maintaining written resolutions.

14. Adherence to the fiction of the separate existence of Harvest and remaining Defendants would permit an abuse of the corporate privilege and would sanction fraud, promote injustice, and otherwise aid in the commission of unlawful conduct. This is true because, as Plaintiff is informed and believes, at all relevant times, Defendants were commingling assets in a manner that allowed Defendants to utilize and freely transfer those assets amongst themselves. The commingling of assets and unlawful business conduct, as alleged more fully herein, by Defendants through

4

COMPLAINT FOR DAMAGES

this shell entity, Harvest, was intended, among other things, to allow Defendants to avoid liability to Plaintiff for valid obligations.   Plaintiff is informed and believes, and thereon alleges, that at all relevant times, there existed a unity of interest and ownership between each and every Defendant such that any individuality or separateness between each and every Defendants has ceased. Defendants are the alter egos of one another in that Defendants carried on their activities and business together, with an agreement to share in the profits and spoils of their fraudulent activities and business.

## FACTS COMMON TO ALL COUNTS

15.     On or about April 28, 2021, Coastal and Harvest entered into two contracts wherein Coastal agreed to sell shrimp to Harvest.  The terms of the agreements were memorialized in two performa invoices issued by Coastal and corresponding two purchase orders issued by Harvest and are as follows:  35,000 pounds of shrimp to be delivered container yard to container yard at the price of $3.60 per pound for the total purchase price of $126,000.00;  payment by Harvest to be made "after FDA passage and before delivery."  Other than the date of delivery, the two performa invoices and purchase orders are identical.  The first shipment was to take place in June 2021 ("First Shipment") and the second shipment was to take place in July 2021 ("Second Shipment").  Attached hereto as Exhibit 1 is the performa invoice reflecting the June 2021 shipment and its corresponding purchase order #23660.   Attached hereto as Exhibit 2 is the performa invoice reflecting the July 2021 shipment and its corresponding purchase order #23661.

5

COMPLAINT FOR DAMAGES

16.     The First Shipment arrived as scheduled at the container yard in Los Angeles and Harvest was informed of the FDA approval.  Pursuant to the written agreements, Coastal demanded payment before releasing the goods to Harvest.  Harvest failed to make payments.  Accordingly, Coastal informed Harvest that it would not release the goods to Harvest absent payment.  To mitigate its damages, Coastal found a third party buyer, namely Seafood Doctor, for the goods and sold the goods to Seafood Doctor.  Seafood Doctor made payment to Coastal and was ready to pick up the goods from the container yard.  However, before Seafood Doctor was able to pick up the goods from the container yard, Harvest went ahead and picked up the First Shipment from the container yard anyway.

17.  Discussions among the parties ensued and finally the parties were able to reach a resolution regarding the First Shipment when Harvest agreed to reimburse Seafood Doctor.  Accordingly, the First Shipment is not at issue in this action.

18.     Subsequently, while the Second Shipment was on route, Coastal attempted to make certain that it will not face a similar scenario as the First Shipment; i.e., that Harvest would make payment before release of the goods to them.  When Harvest indicated its unwillingness to do so, Coastal informed Harvest that Harvest is in anticipatory breach of their agreement and informed Harvest that it would not release the Second Shipment to Harvest.   Again, to mitigate its damages, Coastal sold the Second Shipment of goods to Seafood Doctor.

6

COMPLAINT FOR DAMAGES

19.     The Second Shipment arrived as scheduled, and again, Seafood Doctor was ready to pick it up.  However, again, Harvest, knowing the shipping details, such as the bill of lading number and container number, had the Second Shipment picked up from the container yard without Coastal's consent whatsoever.  However, this time, Harvest has failed to pay for the Second Shipment whatsoever.

## FIRST CAUSE OF ACTION

## BY PLAINTIFF AGAINST ALL DEFENDANTS

## (Breach of Contract)

20.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs.

21.     On or about June 26, 2019 and thereon, Plaintiff and Harvest, and Does 1 through 10, inclusive, and each of them, conducted certain business transactions with each other wherein Plaintiff delivered certain shrimp products to said Defendants, and each of them.  Defendants Harvest, and Does 1 through 10, inclusive, and each of them, took possession from Plaintiff of Plaintiff's goods.  However, said Defendants have failed (to date) to make payment to Plaintiff for said goods, leaving a principal balance of $126,000.00 still due and owing to Plaintiff for said goods.  Attached hereto as Exhibit 2 is the performa invoice reflecting the July 2021 shipment and its corresponding purchase order #23661, which constitutes the contract among the parties, and is hereby incorporated herein fully by reference.

7

COMPLAINT FOR DAMAGES

22.     Pursuant to the terms of the agreements of the parties, Harvest, and Does 1 through 10, inclusive, and each of them, were to pay the above-mentioned sum to Plaintiff.

23.     Plaintiff has performed all the terms and conditions on its part to be performed under the above-mentioned agreements, except for such terms and conditions as have been excused by the conduct and breaches of Defendants Harvest, and Does 1 through 10, inclusive, and each of them, if any.

24.     Harvest, and Does 1 through 10, inclusive, and each of them, breached the above-referenced agreements by failing to pay the sum of $126,000.00.  As a direct, proximate, and foreseeable consequence of the above-referenced breaches by Defendants Harvest, and Does 1 through 10, inclusive, and each of them, Plaintiff has been damaged in the principal sum of $126,000.00

25.     Plaintiff also seeks recovery from said Defendants, and each of them, together with interest thereon at the legal rate from the date(s) of breach through the date of judgment herein, pursuant to the agreements, in a sum to be determined according to proof, and attorneys' fees, and costs of suit incurred herein according to proof.

26.     Pursuant to the alter ego allegations herein,  Defendants Lau, Pak, Lam and Does 6–10 are jointly and severally liable for the obligations of Harvest, as described herein above.

COMPLAINT FOR DAMAGES

## SECOND CAUSE OF ACTION

## BY PLAINTIFF AGAINST ALL DEFENDANTS

### (Open Book Account)

27.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs.

28.    Plaintiff alleges that Defendants Harvest,  and Does 1 through 5, inclusive, and each of them, became indebted to Plaintiff within the last four years on an open book account for money due for goods delivered to said Defendants, for which said Defendants, and each of them, owe Plaintiff the sum of $126,000.00.

29.    Neither the whole nor any part of the above-referenced sum has been paid to Plaintiff by Defendants, and each of them, despite Plaintiff's demand therefor, and there is now due, owing, and unpaid to Plaintiff the sum of $126,000.00, together with interest thereon at the legal rate from the date(s) payments fell due through the date of judgment herein in a sum to be determined according to proof.  Plaintiff further seeks recovery herein from said Defendants, and each of them, of costs of suit incurred herein according to proof, and of attorneys' fees incurred herein according to proof, pursuant to California Civil Code § 1717.5.

30.  Pursuant to the alter ego allegations herein, Jau, Lam, Pak and Does 6–10 are jointly and severally liable for the obligations of Harvest.

9

COMPLAINT FOR DAMAGES

**THIRD CAUSE OF ACTION –**

**BY PLAINTIFF AGAINST ALL DEFENDANTS**

**(Account Stated)**

31.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs.

32.     Plaintiff alleges that Defendants Harvest and Does 1 through 5, inclusive, and each of them, became indebted to Plaintiff within the last four years because an account was stated for money due from said Defendants, and each of them, to Plaintiff in the sum of $126,000.00 for goods delivered by Plaintiff to said Defendants.

33.     Neither the whole nor any part of the above-referenced sum has been paid to Plaintiff by Defendants despite Plaintiff's demand therefor, and there is now due, owing, and unpaid to Plaintiff the sum of $126,000.00 together with interest thereon at the legal rate from the date(s) payments fell due through the date of judgment herein in a sum to be determined according to proof.  Plaintiff further seeks recovery herein from said Defendants, and each of them, of costs of suit incurred herein according to proof, and of attorneys' fees incurred herein according to proof, pursuant to California Civil Code § 1717.5.

34.     Pursuant to the alter ego allegations herein, Jau, Lam, Pak and Does 1–6 are jointly and severally liable for the obligations of Harvest.

10

COMPLAINT FOR DAMAGES

## FOURTH CAUSE OF ACTION –

## BY PLAINTIFF AGAINST ALL DEFENDANTS

## (UNJUST ENRICHMENT-QUANTUM MERUIT)

35.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs.

36.     As described above, Harvest expressly requested that Coastal provide certain goods, namely shrimp, for its benefit.

37.     Coastal performed its obligations and provided the goods as requested by Harvest and Harvest is in receipt of the goods.

38.     Harvest has not paid Coastal for the value of the good received.

39.     The negotiated minimum value and reasonable value of the goods received by Harvest is $126,000.00.  Plaintiff therefore seeks recovery herein from Defendants and each of them, of said reasonable value of said goods in the sum of $126,000.00, together with interest thereon at the legal rate from the date(s) payments fell due through date of judgment herein in a sum to be determined according to proof.

40.     Pursuant to the alter ego allegations herein, Jau, Lam, Pak and Does 1–6 are jointly and severally liable for the obligations of Harvest.

COMPLAINT FOR DAMAGES

# FIFTH CAUSE OF ACTION –

# BY PLAINTIFF AGAINST ALL DEFENDANTS

# (CONVERSION)

41. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs.

42. At all times relevant hereto, Plaintiff was and still is the rightful owner, and was and still is entitled to the possession and use, of its Personal Property amounting to $126,000.00 (the "Personal Property").

43. As alleged herein, Harvest, Jau, Pak, Lam and Does 1 through 10, inclusive, obtained dominion and control over Plaintiff's Personal Property when they picked up the Personal Property, or caused the same to be picked up from the container yard without Plaintiff's consent.

44. As alleged herein, Plaintiff has not received payment for its Personal Property, nor at the time of the filing of this complaint, has received back the Personal Property. As such, Harvest, Jau, Pak, Lam and Does 1 through 10 owe Plaintiff the return of its Personal Property or value thereof.

45. Harvest , Jau, Pak, Lam and Does 1 through 10 have retained wrongful possession of Plaintiff's Personal Property and have refused and continue to refuse to return Plaintiff's Personal Property or pay the value thereof despite numerous demands from Plaintiff.

12

COMPLAINT FOR DAMAGES

46. As a direct and proximate result of the foregoing conversion and theft, Plaintiff has been severely harmed and has suffered significant damages within this Court's jurisdiction in an amount to be proven at trial but in no event less than $126,000.00.

47. Plaintiff is informed and believes, and on such information and belief alleges, that in doing and committing the conversion and theft set forth above, Defendants acted with malice, ill will, and with the intent and design of harming Plaintiff, for which Plaintiff is entitled to a punitive damages award against Defendants.

## SIXTH CAUSE OF ACTION

## BY PLAINTIFF AGAINST ALL DEFENDANTS

### (Tresspass to Chattel)

48. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs.

49. Defendants knew or should have known that the Personal Property belonged to Plaintiff.

50. As alleged herein above, Harvest, Jau, Lam, Pak, and Does 1-10, without Plaintiff's consent, picked up the Personal Property or caused the same to be picked up from the container yard and have yet to return the Personal Property or pay the value thereof.

13

COMPLAINT FOR DAMAGES

51.    Plaintiff suffered, and continues to suffer, damages including, but not limited to the Personal Property and value thereof, in an amount within the jurisdictional limits of this court, in an amount to be proven at trial, but no less than $126,000.00.

52.    The conduct of Harvest and Does 1-5 was a substantial factor in causing Plaintiff's harm.

53. As a direct and proximate result of the foregoing conversion and theft, Plaintiff has been severely harmed and has suffered significant damages within this Court's jurisdiction in an amount to be proven at trial but in no event less than $126,000.00.

54. Plaintiff is informed and believes, and on such information and belief alleges, that in doing and committing the conversion and theft set forth above, Defendants acted with malice, ill will, and with the intent and design of harming Plaintiff, for which Plaintiff is entitled to a punitive damages award against Defendants.

## **PRAYER(S) FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For damages within this Court's jurisdiction in an amount according to proof at trial but in no event less than $126,000.00;

2. For consequential damages;

14

COMPLAINT FOR DAMAGES

3. For pre-judgment and post-judgment interest on all damages awarded;

4. For attorneys' fees and costs of suit incurred herein according to proof;

5. For punitive damages in an amount appropriate to punish Defendants and deter others from engaging in similar misconduct, for Counts Five and Six;

6. For such other and further relief as the Court may deem just and proper

DATED: April 22, 2022                     Respectfully submitted,


                                          KOHAN LAW FIRM

                                          _/s/ K. Tom Kohan_
                                          K. Tom Kohan
                                          Attorneys for Plaintiff
                                          COASTAL CORPORATION LTD.


## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as to all issues.

DATED: April 22, 2022                     Respectfully submitted,

                                          KOHAN LAW FIRM
                                          _/s/ K. Tom Kohan_
                                          K. Tom Kohan
                                          Attorneys for Plaintiff
                                          COASTAL CORPORATION LTD.

---

15

COMPLAINT FOR DAMAGES

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **<u>EXHIBIT 1</u>**

16

COMPLAINT FOR DAMAGES

# PURCHASE ORDER

**HARVEST KING TRADING USA LIMITED**

725 W DUARTE RD,#1581

ARCADIA, CA 91077. USA

714-956-1808

714-956-1813

DATE    4/28/2021

PO #    23660

| VENDOR | SHIP TO |
|---|---|
| COASTAL CORPORATION LTD | HARVEST KING TRADING USA |
| EXPORTS DEPT | LOS ANGELES |
| 15-1-37/3 NOWROJI ROAD, MAHARANIPETA | |
| VISAKHAPATNAM-530002. AP. INDIA | |

| SHIPPING TERMS | SHIPPING METHOD | DELIVERY DATE |
|---|---|---|
| | | 7/28/2021 |

| ITEM # | DESCRIPTION | QTY | TOTAL |
|---|---|---|---|
| 0241T528 | FROZEN RAW FARM RAISED VANNAMEI SHRIMP | LBS | |
| | PEELED AND DEVEINED TAIL OFF  IQF SIZE 41-50 | 35,000 | $126,000.00 |
| | PACKED 5X2 LB 'COSTAL SEAFOOD' BRAND.  100% NET WEIGHT | | |
| | 3500 CASES  .PRODUCT OF INDIA. | | |

| | |
|---|---|
| | $126,000.00 |
| PAYMENT AFTER FDA PASSAGE . SHIPMENT CY/CY LOS ANGELES/LONG BEACH PORT USA. | $126,000.00 |
| | $126,000.00 |



# INVOICE

| Exporter | | | Invoice No. & Date | | Exporter's Ref. |
|---|---|---|---|---|---|
| COASTAL CORPORATION LTD<br>15-1-37/3, NOWROJI ROAD<br>MAHARANIPETA, VISAKHAPATNAM - 530002<br>ANDHRA PRADESH, INDIA | | | CCL/006221-22  DT. 05.07.2021 | | |
| | | | Buyer's Order No.& Date<br>23660 DT: 28.04.2021 | | |
| | | | Other Reference(s) | | |
| Consignee | | | IE CODE NO: 2690000458 | | EIA CODE NO: 913 |
| HARVEST KING TRADING USA LIMITED<br>725 W DUARTE RD, #1581<br>ARCADIA, CA 91077, USA<br>714-956-1808<br>714-956-1813 | | | PROCESSED & PACKED BY | | |
| | | | COASTAL CORPORATION LTD UNIT-II<br>SURVEY NO. 87, P.DHARMAVARAM VILLAGE,<br>S.RAYAVARAM MANDAL, VISAKHAPATNAM.<br>ANDHRA PRADESH, INDIA<br>FDA REGISTRATION NO: 12211857218 | | |
| Pre-Carriage by<br>REFRIGERATED CONTAINER | Place of Receipt by Pre-Carrier<br>VISAKHAPATNAM, INDIA | | Country of Origin of Goods<br>INDIA | | Country of Final Destination<br>USA |
| Vessel/Flight No. | Port of Loading<br>VISAKHAPATNAM, INDIA | | Terms of Delivery and payment<br>PAYMENT AFTER FDA AND CUSTOMS PASSAGE<br>CY/CY LONG BEACH, USA | | |
| Port of Discharge<br>LONG BEACH, USA | Final destination<br>LONG BEACH, USA | | | | |

| Marks & Nos/<br>Container No. | No.& Kind<br>of Pkgs. | Description of Goods | Size | No. of<br>Cartons | Qty.in<br>LBs | Price<br>US$/LB<br>DDP<br>LONG BEACH | Amount<br>in US$<br>DDP |
|---|---|---|---|---|---|---|---|
| | | RAW PEELED & DEVEINED TAIL OFF VANNAMEI<br>IQF SHRIMPS<br>PACKING: 5 X 2 LB PER MASTER CARTON<br>BRAND: COASTAL SEAFOOD | 41/50 | 3,500 | 35,000.00 | 3.60 | 126,000.00 |
| | | Invoice Value                126000.00<br>Less Freight          7950.00 | | | | | |
| | | Sub total          7950.00      7950.00<br>                                   118050.00 | | | | | |
| | | A.D.Duty @ 1.35% + Merchandise & Harbour<br>    fee @ 0.4714% = total @ 1.8214%<br>                                      2111.70<br>FOB Value In US$          115938.30 | | | | | |
| | | TOTAL | | 3,500 | 35,000.00 | | 126,000.00 |

| Total net weight LBS | 35,000.00 | Gross weight | 42,000.00 | LBS |
|---|---|---|---|---|
| Total net weight KGS | 15,890.00 | Gross weight | 19,068.00 | KGS |

Amount chargeable (in words) : US$  ONE HUNDRED TWENTY SIX THOUSAND ONLY

THIS SHIPMENT IS MADE UNDER DUTY DRAW BACK SCHEME AS WELL AS UNDER RoDTEP SCHEME.

I/WE, IN REGARD TO MY/OUR CLAIM UNDER RoDTEP SCHEME MADE IN THIS SHIPPING BILL OR BILL OF EXPORT, HEREBY DECLARE THAT:

1. I/ WE UNDERTAKE TO ABIDE BY THE PROVISIONS, INCLUDING CONDITIONS, RESTRICTIONS, EXCLUSIONS AND TIME-LIMITS AS
   PROVIDED  UNDER RoDTEP SCHEME, AND RELEVANT NOTIFICATIONS, REGULATIONS, ETC., AS AMENDED FROM TIME TO TIME.
2. ANY CLAIM MADE IN THIS SHIPPING BILL OR BILL OF EXPORT IS NOT WITH RESPECT TO ANY DUTIES OR TAXES OR LEVIES
   WHICH ARE EXEMPTED OR REMITTED OR CREDITED UNDER ANY OTHER MECHANISM OUTSIDE RoDTEP.
3. I/WE UNDERTAKE TO PRESERVE AND MAKE AVAILABLE RELEVANT DOCUMENTS RELATING TO THE EXPORTED GOODS FOR THE
   PURPOSES OF AUDIT IN THE MANNER AND FOR THE TIME PERIOD PRESCRIBED IN THE CUSTOMS AUDIT REGULATIONS, 2018.

Signature & Date

*P. Wadlabode*

GST NO. 37AACCC6045J1ZL

Declaration:
We declare that invoice shows the actual price of the goods

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

# **EXHIBIT 2**

25
26
27

17

28

COMPLAINT FOR DAMAGES

# PURCHASE ORDER

**HARVEST KING TRADING USA LIMITED**

725 W DUARTE RD,#1581

ARCADIA, CA 91077. USA

714-956-1808

714-956-1813

DATE   4/28/2021

PO #   23661

**VENDOR**

COASTAL CORPORATION LTD

EXPORTS DEPT

15-1-37/3 NOWROJI ROAD, MAHARANIPETA

VISAKHAPATNAM-530002. AP. INDIA

**SHIP TO**

HARVEST KING TRADING USA

LOS ANGELES

| SHIPPING TERMS | SHIPPING METHOD | DELIVERY DATE |
|---|---|---|
| | OCEAN | 6/28/2021 |

| ITEM # | DESCRIPTION | QTY | TOTAL |
|---|---|---|---|
| 0241T528 | FROZEN RAW FARM RAISED VANNAMEI SHRIMP | LBS | |
| | PEELED AND DEVEINED TAIL OFF  IQF SIZE 41-50 | 35,000 | $126,000.00 |
| | PACKED 5X2 LB 'COSTAL SEAFOOD' BRAND.  100% NET WEIGHT | | |
| | 3500 CASES  .PRODUCT OF INDIA. | | |

PAYMENT AFTER FDA PASSAGE . SHIPMENT CY/CY LOS ANGELES/LONG BEACH PORT USA.

$126,000.00

$126,000.00



# COMMERCIAL INVOICE

| Exporter | Invoice No. & Date | Exporter's Ref |
|---|---|---|
| COASTAL CORPORATION LTD<br>15-1-37/3, NOWROJI ROAD,<br>MAHARANIPETA,VISAKHAPATNAM<br>ANDHRA PRADESH, INDIA | CCL/032/21-22 DT: 19.07.2021 | |
| | Buyer's Order No.& Date<br>23861 DT: 28.04.2021 | |
| | Other Reference(s)<br>IE CODE NO: 2690000458    EIA CODE NO: 940 | |

| Importer on Record | PROCESSED & PACKED BY |
|---|---|
| COASTAL CORPORATION LTD.<br>15-1-37/3, NOWROJI ROAD, MARANIPETA,<br>VISAKHAPATNAM 530 002, A.P., INDIA<br>CUSTOMS ASSIGNED NO: 104601-03049 | COASTAL CORPORATION LTD<br>MARIKAVALASA VILLAGE, CHINAGADILI MANDAL<br>VISAKHAPATNAM. ANDHRA PRADESH, INDIA<br>FDA REGISTRATION NO: 14754161016<br>DUNS NUMBER: 87-140-3050 |

| Consignee/Simp Importer | Notify Party |
|---|---|
| HARVEST KING TRADING USA LIMITED<br>725 W DUARTE RD, #1581<br>ARCADIA, CA 91077, USA<br>714-956-1808<br>714-956-1813<br>PERMIT NO: IFTP00054212 | WILLIAMS CLARKE AND COMPANY, INC.<br>CUSTOMS BROKERS, 603 N FRIES AVE, WILMINGTON,<br>CA 90748, USA  TEL: 310-834-6458, FAX: 310-834-5984 |

| Pre-Carriage by | Place of Receipt by Pre-Carrier | Country of Origin of Goods | Country of Final Destination |
|---|---|---|---|
| REFRIGERATED CONTAINER | VISAKHAPATNAM, INDIA | INDIA | USA |
| Vessel/Flight No.<br>TABEA V. 019 E | Port of Loading<br>VISAKHAPATNAM, INDIA | Terms of Delivery and payment<br>PAYMENT BY T.T UPON FDA RELEASE AND BEFORE<br>DELIVERY OF THE GOODS<br>CY/CY LOS ANGELES, USA |
| Port of Discharge<br>LOS ANGELES, USA | Final destination<br>LOS ANGELES, USA | |
| | | CONTAINER NO: OTPU6126764 |

| Marks & Nos/<br>Container No. | No.& Kind<br>of Pkgs. | Description of Goods | Size | No. of<br>Cartons | Qty.in<br>LBs | Price<br>US$/LB<br>DDP<br>LOS ANGELES | Amount<br>in US$<br>DDP |
|---|---|---|---|---|---|---|---|
| | | RAW PEELED & DEVEINED TAIL OFF VANNAMEI<br>IQF SHRIMPS<br>PACKING : 5 X 2 LB PER MASTER CARTON<br>BRAND: COASTAL SEAFOOD | 41/50 | 3500 | 35,000.00 | 3.60 | 126,000.00 |
| | | Invoice Value                              126000.00<br>Less Freight                                   11850.00<br>                                                    114150.00 | | | | | |
| | | A.D.Duty @ 1.35% + Merchandise & Harbour<br>fee @ 0.4714% = total @ 1.8214%<br>                                                      2041.94 | | | | | |
| | | FOB Value In US$                     112108.06 | TOTAL | 3500 | 35,000.00 | | 126,000.00 |

| Total net weight LBS | 35,000.00 | Gross weight | 42,000.00 | LBS |
|---|---|---|---|---|
| Total net weight KGS | 15,890.00 | Gross weight | 19,068.00 | KGS |

Amount chargeable (in words) : US$ ONE HUNDRED TWENTY SIX THOUSAND ONLY

SCIENTIFIC NAME OF THE SPECIES: LITOPENAEUS VANNAMEI, PRODUCT FARM: AQUACULTURE
PRODUCT SHIPPED UNDER THIS INVOICE HAS NOT BEEN REFUSED BY ANY OTHER COUNTRY

Signature & Date
For COASTAL CORPORATION LTD

(G.V.V.SATYANARAYANA)
DIRECTOR

Declaration:
We declare that invoice shows the actual price of the goods
described and that all particulars are true and correct.